Mary C. Michael, Plaintiff in Error, v. Orlo Jordan, Defendant in Error.

Gen. No. 9,008.

Opinion filed January 15, 1937.

S. H. CUMMINS, of Springfield, for plaintiff in error.

HERSHEY & BLISS, of Taylorville, for defendant in error.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

This was a suit in assumpsit instituted in the circuit court of Christian county on October 8, 1928, by the plaintiff in error against the town of Mt. Auburn as defendant. Subsequently, on January 7, 1932, a motion was made for leave to substitute the highway commissioner of Mt. Auburn township as party defendant and to dismiss the town of Mt. Auburn. Thereafter, on April 30, 1932, the present defendant in error, Orlo Jordan, as highway commissioner of said township, was upon motion substituted as the defendant in the suit. Numerous pleadings were filed and ruled upon

in said cause but finally a new declaration, based solely upon the common counts, was filed to which the defendant in error filed a general issue and also a plea of the statute of limitations. Later a stipulation of fact was filed by the parties and the cause submitted to the court without a jury. The court rendered judgment in favor of the defendant in error from which judgment this writ of error is being prosecuted.

The stipulation of fact shows that on or about the 13th of October, 1923, the plaintiff in error loaned to one O. W. Davis, who was then the sole highway commissioner of Mt. Auburn township, Christian county, Illinois, for the uses and purposes of said highway commissioner, the sum of $2,250. The said sum of money was used by said O. W. Davis as such highway commissioner for the purpose of improving and repairing roads and bridges within the limits of said township of Mt. Auburn. The stipulation further shows that no consent was given to the said O. W. Davis as such highway commissioner by the board of town auditors to make such loan or to borrow said sum of money and that no authority of any kind or character was given or granted to the said O. W. Davis as such highway commissioner to borrow said sum of money other than such authority as was granted to him by the statutes of the State of Illinois. The stipulation also showed that no part of the sum of $2,250 had been paid.

It appears from the briefs of counsel that the said O. W. Davis gave to the plaintiff in error a written road order for the money borrowed but the plaintiff in error in the trial of the suit relied upon a recovery, based solely upon the common counts for money had and received. It is the contention of the plaintiff in error that if a municipal corporation has received money for an authorized lawful purpose derived from the issue of illegal or void bonds and has applied it to

that purpose, an action for money had and received may be maintained although the corporation had no authority to issue the bonds. However, in the case at bar, it is conceded that the highway commissioner was wholly without authority to contract the original indebtedness and therefore the contract was ultra vires from its inception which distinguishes it from the cases contained in plaintiff in error's brief.

The defendant in error insists that the contract having been dated October 13, 1923, and the suit against the highway commissioner instituted January 7, 1932, some eight years after the alleged loan was made, that such action was barred by the five-year statute of limitations. In reply to this contention the plaintiff in error says that the plea of the statute of limitations was not filed until some time after the stipulation of fact was entered into and was therefore not an issue in the cause. Waiving that question entirely it seems to us that on the merits of the case the circuit court was correct in making its findings in favor of the defendant in error because it has been many times held in this State that a commissioner of highways has no authority to borrow money; that he is a municipal corporation; that he cannot incur any indebtedness other than that granted by statute and that the right to borrow money is not included. In the case of *Randolph v. Town of Bernadotte*, 243 Ill. App. 581, where a suit was brought against a township by a party who had loaned money to the commissioner of highways of said town, it was held that a highway commissioner was not vested with any power to borrow money; that the power to borrow money does not exist in a local government independent of statute and when money is borrowed under the provisions of the statute, the statute must be strictly complied with. Again in the case of *Brownell Improvement Co. v. Highway Com'r of Town of Sumner*, 280 Ill. App. 43, the court said:

"In the case we. are now considering the commissioner did not exercise his power in an irregular way but he attempted to enter into a contract that the statute did not give him authority to make, and therefore, the contract was void and unenforceable. In the case of *Dement v. Rokker,* 126 Ill. 174, our Supreme Court, in discussing the presumption of the legality of contracts, use this language: 'There is a distinction between contracts where the parties have an inherent right to contract, and contracts where there is no inherent power to contract, but the contract is purely by virtue of a special statutory authority. In the former, the contract is presumed to be lawful, and it devolves upon those who deny its validity to show that it is unlawful; while in the latter instance the reverse is true. The burden rests upon those seeking to enforce it, to show that the contract is within the statutory authority.' "

While a court dislikes to see an innocent person lose the money which she parted with on the occasion of loaning it to a highway commissioner who used the money for improving the roads and bridges within the limits of his township, it cannot overlook the well established principles of law set forth in the foregoing cases. To hold otherwise would, in effect, give any highway commissioner a power to go out and borrow money, spend the same for improvements upon the roads and bridges of his township and make the municipal corporation liable on the theory of money had and received. Public policy would not permit such expansion of powers where no authority to borrow money is given to a highway commissioner by statute.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*