Board of Education, District No. 46, DuPage County, Illinois, for use of Floorings, Inc., Appellant, v. The Aetna Casualty and Surety Company and Frank Vertovec, Appellees.

Gen. No. 40,911.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed May 20, 1940. Rehearing denied June 5, 1940.

JOHN B. FRUCHTL and THOMAS J. DOYLE, both of Chicago, for appellant.

EDGAR F. THOMA, of Elmhurst, and WILLIAM J. CORRIGAN, of Chicago, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, Floorings, Inc., furnished linoleum and bulletin boards on a certain school building erected by the Board of Education of District 46, DuPage county, Illinois; it was stipulated that all work and materials

furnished by plaintiff were part of the carpentry work done on the building under a contract between the Board of Education and Frank Vertovec.

Plaintiff brings suit for $1,725 with interest, the balance due for labor and material furnished by it, basing its claim on a bond given by Vertovec, with the Aetna Casualty and Surety Company as surety, to secure the performance of Vertovec's contract with the Board of Education; upon trial by the court the finding was for the defendants and judgment was entered against plaintiff, from which it appeals.

There is no dispute as to the facts. The sole question is whether, by the terms of the contract and the bond, Floorings, Inc., plaintiff, may bring suit on the bond.

Vertovec entered into a contract with the Board of Education for the erection of an addition to a school building, Vertovec to furnish all labor and material for the carpentry and masonry work; the contract provided that the contractor, Vertovec, should provide a "full coverage bond" for the faithful performance of the contract; such a bond was executed and delivered, with the Aetna Casualty and Surety Company as surety; among other things, it provided: "if the said Frank Vertovec shall in all respects comply with the terms and conditions of said contract and do any and everything necessary in connection with the masonry and carpentry work of said building . . . and shall pay for all labor and materials and any and everything entering into the masonry and carpentry work of said building then and in that event this bond shall be null and void; otherwise to be and remain in full force and effect." The linoleum and bulletin boards installed by plaintiff are included under the title "Carpentry." A contract was entered into between Vertovec and Daniel Elkins for the carpentry work, and Elkins sublet a portion of the contract to plaintiff, Floorings, Inc., for the installation of the linoleum and bulletin boards,

which were duly furnished and installed as specified. Prior to January 26, 1932, the full amount due under the Elkins contract was paid to him by defendant Vertovec, but neither counsel make any argument as to the effect of this.

Plaintiff received $675 from Vertovec to apply on its account; this payment was made by Vertovec pursuant to an order from Elkins and charged to Elkins' account; the entire contract cost of the labor and materials furnished by plaintiff was $2,400, leaving a balance due plaintiff of $1,725; January 27, 1932, plaintiff made a demand on Vertovec and defendant surety company for the balance due it, but payment was refused.

The defense is that under the terms of the bond there is no liability on the part of defendant surety to plaintiff, Floorings, Inc.

The construction of bonds like this has been before the courts in a number of cases. In *Board of Education for use of Weil v. Chicago Bonding & Surety Co.*, 218 Ill. App. 20, a contract was let to the Hanley-Casey Mechanical Equipment Company, who sublet to Weil Bros., to furnish material and labor in connection with plumbing and gas fittings; the bond provided that if the Hanley-Casey Company "shall in all things stand to, . . . and perform the covenants, . . . and shall promptly make payment to all persons supplying it (with) labor and materials in the prosecution of the work provided for in said contract, then the above obligation to be void, otherwise to remain in full force and effect." The defense there, as here, asserted there was no liability on the part of the surety company to Weil Brothers. The court held otherwise, construing the contract to be made for the benefit of subcontractors and materialmen. The court rested its decision largely upon the opinion in *Chicago Board of Education v. Aetna Indemnity Co.*, 159 Ill. App. 319. In that case the condition in the bond was that the prin-

cipal "shall promptly make payment to all persons supplying him (with) labor or materials in the prosecution of the work. . . ." A like provision was construed in *R. Connor Co. v. Ætna Indemnity Co.*, 136 Wis. 13, as meaning that a subcontractor furnishing labor and material entering into the construction of the building could sue on the bond. To the same effect is the opinion in *Cherry v. Charles Benson Inc.*, 264 Ill. App. 199. See also *Laclede Steel Co. v. Hecker-Moon Co.*, 279 Ill. App. 295.

The defendants rely largely on the opinion in *Harris for use of Otis Elevator Co. v. American Surety Co. of N. Y.*, 297 Ill. App. 1, in which the court cites a large number of cases construing similar bonds. The debatable provision in the Harris contract was that the contractor "shall and will provide all the materials and perform all the work for the erection and completion" of the building and a supplemental agreement provided for a bond "to secure the faithful performance by said contractor of its said contract." The condition of the bond was that if the "principal"—(Good Construction Company) should complete the building in accordance with the terms of its contract and perform all of its obligations "and shall satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the Owners from all cost and damage which the Owners may suffer," then the obligation to be null and void. The Appellate Court held that to entitle a third person to recover upon a contract made by others, the contract must have been made and entered into directly and primarily for his benefit; that the test of liability to a third person is whether the benefit to the third person "is direct to him or is but an incidental benefit to him arising from the contract." (Subsequent investigation shows that this was reversed by the Supreme Court, 372 Ill. 361, that court holding that as the contract and bond were given in Pennsylvania, the law of that State governs, which

gives plaintiff, the subcontractor, the right to recover on the bond.) In the instant case the bond provided that Vertovec, the contractor, "shall pay for all labor and materials and any and every thing entering into the masonry and carpentry work of said building." We construe this, not as giving a subcontractor an incidental benefit, but a benefit direct to him.

Additional support for this view may be found in a number of other cases. In *Builders Lumber & Supply Co. v. Chicago Bonding & Surety Co.*, 167 Wis. 167, the court said of a similar provision in a bond: "If that was not deliberately intended for the benefit of third parties—for the benefit of materialmen and laborers—why was it inserted? It was already provided that the contractor should furnish the material and labor for the construction of the work. . . . We cannot assume that this provision was introduced into the contract for its resounding effect or for an idle purpose." In *Baker v. Bryan*, 64 Iowa 561, it was held that the contract and bond, considered separately and together, showed that all persons furnishing labor and materials were intended to be secured by the bond. And in 77 A. L. R. 89, the author says: "The overwhelming weight of authority holds that a person furnishing materials or labor may recover against the surety on a bond executed by a contractor to a state, municipality, or public body, in connection with public work or improvements, conditioned that the contractor shall pay all claims for labor and materials, or that he shall pay laborers and materialmen," citing cases from many other States in the union.

The decision in *Searles v. City of Flora*, 225 Ill. 167, cited by defendants, is not helpful. There Searles contracted with the City of Flora to install an engine and gave bond for the faithful performance of his contract; it was held that the bond was not entered into for the purpose of securing laborers or materialmen; that nothing was said in the bond about paying them; that

it was only given to save the city harmless.

Plaintiff asks that we enter judgment in this court for $1,725, plus 5 per cent interest from January 28, 1932, the date when demand was made upon defendants for payment and refused. Interest may be allowed when money is withheld by an unreasonable and vexatious delay in payment. Chapter 74, § 2, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 67.02]. There is no evidence that the refusal to pay this demand was unreasonable and the cause of vexatious delay. Defendants were of the opinion they had a good defense to the claim, and the lower court so held. The defense was made in good faith, and under these circumstances interest will not be allowed.

For the reasons above indicated the judgment of the superior court is reversed and the cause remanded with directions to enter judgment in favor of plaintiff for $1,725.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.