(No. 26461.—

THE PEOPLE *ex rel.* S. R. Yohe *et al.* Appellants, *vs.* J. R. HUBBLE *et al.* Appellees.

*Opinion filed November 24, 1941.*

FRANCIS FEIGER, State's Attorney, (VIRGIL W. MILLS, of counsel,) for appellant.

CREIGHTON & KERR, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The People of the State of Illinois on the relation of S. R. Yohe filed a *quo warranto* petition in the circuit court of Wayne county against J. R. Hubble, Lyell E. Senneff, Paul M. Weber, Marshall Powell, and John E. Gardiner, charging them with unlawfully holding the purported office of members of the board of education of Mt. Erie Community High School District No. 227, located in Wayne county. A week later the named defendants filed their answer which set forth the proceedings by which district No. 227 had been organized and by which they had been elected members of the board of education of that district. The original answer also contained the admission that part

of the territory of district No. 227 was involved in a petition filed in the office of the county superintendent of schools of Wayne county on May 20, 1939, which prayed that an election be called to vote on the proposition to organize a community high school district in the vicinity of Cisne in Wayne county. It was also alleged that no records could be found in the office of the county superintendent of schools which showed that an election was called, or had, on said proposition. A petition for leave to become parties plaintiff as relators was filed by about fifty residents and legal voters of district No. 227, and they were granted leave to intervene. The defendants filed the following amendment to their answer: "That the territory included in the said Mt. Erie Community High School District, nor no part thereof, has been involved in any petition, election or proceeding to organize a community high school district for a period of at least two years prior to being involved in the petition, proceeding and election to organize the said Mt. Erie Community High School District."

Counsel for the respective parties stipulated that the cause should be decided upon the following agreed facts:

"(1) It is agreed and stipulated on the part of The People that the Mt. Erie Community High School District No. 227 mentioned in the People's complaint filed herein, and the respondent's answer thereto, was and is a duly organized Community High School District, except for the objection that a portion of the territory included within the boundary of the said Mt. Erie Community High School District No. 227, was previously within the two-year period preceding the organization of the said Mt. Erie High School District alleged to have been involved in a petition and former proceedings to organize a Community High School District within a period of two years previous to the filing of the petition for the organization of the said Mt. Erie Community High School District No. 227.

"(2) It is stipulated further that a petition for the organization of a Community High School District, involving a portion of the same territory included in the said Mt. Erie Community High School District No. 227, was filed in the office of the County Superintendent of Schools in Wayne County, Illinois, on the 20th

day of May, 1939, which said petition now remains on file in the office of the said County Superintendent of Schools of Wayne County, Illinois.

"(3) It is further stipulated that the following proof with reference to holding an election for the organization of a Community High School District under said petition can be made: (a) That notices of the holding of an election under said petition were duly and timely posted by the then County Superintendent of Schools of Wayne County; that they called an election for the organization for a Community High School District under said petition; (b) That Judges and clerks were duly appointed by the then County Superintendent of Schools for the holding of an election to vote for and against the organization of a Community High School District under said petition, at three voting places in said proposed Community High School District; that an election pursuant to said notices, was held at three different voting places in the said proposed High School District on the 17th day of June, 1939, and that the proposition for the organization of such Community High School District was decisively voted down.

"It is further stipulated and agreed by and between counsel representing the parties hereto, that the records of the calling of the aforesaid election, the appointment of Judges for the holding of said election, and the holding of the same, are missing and can not be found in the office of the Superintendent of Schools; that there are no records available for the purpose of making the proof of such facts, and that the People would offer oral proof of such facts in a hearing in this cause."

On this evidence, the circuit court held that District No. 227 was validly and legally organized, and rendered judgment against relators for costs. A franchise is involved, and relators have appealed directly to this court to review that judgment.

The appellants contend that district No. 227 is invalid because it contains territory which was involved in a petition, election or proceeding to organize a community high school district within the two years prior to the organization of district No. 227, in violation of section 89b of the School law. (Ill. Rev. Stat. 1939, chap. 122, par. 97a; Laws of 1931, p. 849.) That section provides that: "No territory involved in any petition, election or proceeding to organize a community high school district and not organ-

ized as or included within a community high school district shall be again involved in any petition, election or proceeding to organize a community high school district for a period of at least one year from the date this act takes effect and not oftener than once every two years after the expiration of such one-year period."

Appellees contend that the stipulation does not contain the admission that there ever was a record either of the petition or the other necessary steps involved in the holding of an election to determine whether a community high school district should be organized in conformity to the prayer of the petition filed May 20, 1939. They did stipulate that this earlier petition contained a part of the lands that are embraced in the Mt. Erie Community High School District No. 227; that it remains on file in the county superintendent's office; and "the records of the calling of the aforesaid election, the appointment of judges for the holding of said election, and the holding of the same, are missing and cannot be found in the office of the superintendent of schools; that there are no records available for the purpose of making the proof of such facts; and that the People would offer oral proof of such facts in a hearing in this cause."

They contend that this is not a stipulation that there is a lost record or that the record was lost from the county superintendent's office. They point to the fact that this court held it the duty of the county superintendent of schools to keep a record of the proceedings to organize a community high school district, in *People* v. *Hartquist,* 311 Ill. 127, at pages 132 and 133, and they rely on the holdings that where a record is required to be kept, it is the only lawful evidence of the action taken. It cannot be added to, contradicted or supplemented by parol. (*People* v. *Board of Supervisors,* 125 Ill. 334, 344; *People* v. *Hartquist, supra;* and *People* v. *Chicago Heights Terminal Transfer Railroad Co.* 375 Ill. 590.) With the exception

of the *Hartquist case,* the testimony involved in the cases just cited was improper because it was offered to supply, amend, contradict or supplement a record. Before the *Hartquist case* was retried, the county superintendent of schools made up a record and also a more detailed second record, both of which we held admissible in evidence in *People* v. *Hartquist,* 315 Ill. 228. In the case before us, contrary to their contention, when the appellees stipulated that the record was missing from the county superintendent of school's office and that it could not be found, they admitted the existence and the loss of the required record. If no record ever had been made, there would be nothing that could be called a "missing" record.

Appellees rely on statements in the cases we have referred to for the proposition that even if a record did exist and was lost or destroyed, parol testimony is not admissible to show its contents. But the rule is firmly established by such holdings as *Kreitz* v. *Behrensmeyer,* 125 Ill. 141, 198; *Kennedy* v. *Borah,* 226 id. 243, 249; *Maxcy* v. *County Court,* 72 id. 207, 210, and *Forsyth* v. *Behmeyer,* 176 id. 359, 361, that the contents of lost or destroyed records can be proved by parol.

There is no doubt that land embraced in the Mount Erie Community High School District No. 227 was a part of the land described in the petition to form a community high school district near Cisne, Illinois, filed May 20, 1939. Section 89b of the School law quoted above does not permit the inclusion of any territory in a petition for a community high school district, within two years from the time it had been included in the earlier "petition, election or proceeding" if the land was "not organized as or included within a community high school district." Here the first petition, as has been noted, was filed May 20, 1939, and the second petition, that for the organization of the Mt. Erie Community High School District No. 227 was filed January 13, 1941, less than two years later.

For this reason the district was not legally organized and the judgment of the trial court must be reversed. The cause is remanded to the circuit court of Wayne county for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*