In the Matter of Last Will and Testament of Mary Gleeson, Deceased, Con Colbrook, Petitioner-Appellee, v. Helen Black, Bernadine Gleeson, Bernadine Gleeson as Conservator for Thomas Gleeson, an Incompetent, and Thomas Black, a Minor, by Helen Black, his Mother and Next Friend, Respondents-Appellants.

Gen. No. 9,933.

Opinion filed February 25, 1954.
Released for publication March 15, 1954.

H. OGDEN BRAINARD, of Charleston, and PROVINE & MILEY, of Taylorville, for appellants.

HERSHEY & BLISS, and BILL J. SLATER, all of Taylorville, for appellee.

MR. PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

Appellee, Con Colbrook, filed a petition to establish a testamentary trust created under the will of Mary Gleeson, deceased, and for confirmation of the appointment of appellee by the will as trustee thereunder. The appellants opposed the petition and filed their answer and counterclaim, alleging that there existed a fiduciary relationship between the deceased, Mary Gleeson, and the petitioner; that the petitioner had breached that fiduciary relationship by profiting personally from such trust; that petitioner was a contingent remainderman with interests adverse to the appellants interest; that an irreconcilable hostility existed between the petitioner and the appellants, and asked that the petition be denied; that the court refuse to confirm the appointment of Con Colbrook as trustee and that he be removed as trustee and an impartial, disinterested and competent corporate trustee be appointed. The trial court took jurisdiction of the trust, confirmed the testamentary appointment of Con Colbrook as trustee, with the powers and duties as enumerated in the will of Mary Gleeson, deceased, set a bond of $15,000 for said trustee and dismissed the counterclaim of the appellants. From that order the appellants have appealed to this court.

The will of Mary Gleeson, after devising the household furniture and fixtures to her daughter, Bernadine Gleeson, devised all the rest of the estate unto Con Colbrook in trust. By the terms of the will, Con Colbrook as such trustee was to take, hold, manage, operate and control the same, with full power to lease, re-lease, invest, re-invest, mortgage and pledge the same. He was authorized to collect and receive all rentals and to pay all taxes, insurance, repairs, court costs and reasonable attorney and trustee fees.

The decedent died owning the Southeast Quarter of Section Thirty-one (31), Township Fifteen (15) North,

Range One (1) West of the Third Principal Meridian in Christian county, Illinois, identified in the pleadings as Tract No. 1; she also owned an undivided one-half interest in and to the North Half of the Northwest Quarter of Section Eighteen (18), Township Fourteen (14), North, Range One (1) East of the Third Principal Meridian in Macon county, Illinois, identified in the pleadings as Tract No. 2. The other undivided one-half interest in Tract No. 2 was owned by Helen Black, Bernadine Gleeson and Thomas Gleeson. In other words, the decedent owned the 160-acre Tract No. 1, outright. She owned an undivided one-half interest in Tract No. 2, an 80-acre tract. The trust covered the 200 acres owned by Mary Gleeson, namely, Tract No. 1 and the undivided one-half of Tract No. 2.

By the terms of the will creating the trust the net income from one 80-acre tract was to be used to provide for the care, education and support of a son, Thomas Gleeson; the net income from the rest of the trust estate was to be paid, one-third to a daughter, Bernadine Gleeson; one-third to a daughter, Helen Black; and one-third for the care, maintenance and support of the son, Thomas Gleeson. The will also provided that upon the death of the said three beneficiaries, that the share of such beneficiaries should go to their children, and if no children, to the survivors of said beneficiaries. Upon the death of all the three beneficiaries, then it was provided that the trustee should, within one year, liquidate and convert said trust into cash and distribute to the children of the named beneficiaries, and if there were no children of the named beneficiaries, to the persons who would be the heirs at law of the decedent, Mary Gleeson.

Bernadine Gleeson was unmarried. Thomas Gleeson was an incompetent and had been so declared and committed to a mental hospital. Helen Black was the other

daughter. The minor respondent, Thomas Black, was a son of Helen Black. Con Colbrook was a first cousin of the decedent, Mary Gleeson, and was a contingent remainderman.

The appeal raises these questions: 1. That the petitioner acted in a fiduciary capacity and had abused such fiduciary relationship for his own profit. 2. That a contingent remainderman should not be appointed as a trustee. 3. That where a trustee has broad discretionary powers and there is such hostility between the trustee and the beneficiaries as to prevent co-operation and to interfere with the operation of the trust, the trustee should be removed.

The evidence discloses that for several years after Mr. Gleeson's death, Mr. Colbrook was the general supervisor and operator of the farms for Mrs. Gleeson; that Mrs. Gleeson for most of the time was active and consulted with Mr. Colbrook and knew how the farming operations were progressing. After she had a stroke, on the recommendation of Mr. Colbrook, she gave to her daughter, Bernadine Gleeson, a power of attorney. The evidence shows clearly that at the time Mr. Colbrook took over these farms, they were run down and that he had managed the farms in excellent manner. The witnesses, who were neighboring farmers, all testified that he had performed a good job of farming; that he had built the land up and that the farms were much more valuable at the time of Mrs. Gleeson's death than they were when he first went there. The evidence shows that the two heirs, Mrs. Black and Miss Bernadine Gleeson became dissatisfied with Mr. Colbrook's management when he was unable to furnish them specific information that they desired. It must be conceded that Mr. Colbrook was not a good bookkeeper and possibly he could not furnish the specific information these two heirs desired. However, there

413

is no evidence that Mr. Colbrook at any time acted dishonestly or that he failed to do a good job. Apparently, the farm income was about $27.50 per acre over the years he farmed the land and at the same time he had built up the farm insofar as improvements and productivity were concerned. The heirs apparently objected to the building of a barn, yet evidence showed the barn was built several years before Mrs. Gleeson's death so that she must have known of the expenditure of money for this improvement and no objection was made at that time. Evidently, the two heirs, Mrs. Black and Miss Bernadine Gleeson became dissatisfied after their mother's death but up to the time of their mother's death, were satisfied with the management of the farm by Mr. Colbrook and trusted his judgment in all matters connected with the farm, and the dissatisfaction that now exists, grows out of his failure or inability to give them specific reports on the farm. There is nothing in the evidence of either Miss Bernadine Gleeson or Mrs. Black to show any dishonesty or short dealings on the part of Mr. Colbrook.

The point first urged, that the petitioner acted in a fiduciary capacity and had profited personally thereby, was a matter of fact that was determined by the chancellor, sitting in equity. We have repeatedly held, that on questions of fact, this court would not disturb the finding of the trial court, unless clearly and palpably erroneous. *Western & Southern Life Ins. Co. v. Brueggeman,* 323 Ill. App. 173. Where the evidence is conflicting, the conclusions of the trial judge who saw and heard the witnesses and had advantages not possessed by the reviewing court, in judging the weight of their testimony, should not be disturbed unless clearly wrong. *City of Quincy v. Kemper,* 304 Ill. 303; *Bellm v. Henry,* 336 Ill. App. 525; the chancellor's finding on conflicting evidence and not con-

414

trary to the weight of the evidence must be sustained on appeal. We find no such palpable error on the part of the chancellor in this case, and his finding in that respect will not be disturbed.

■ ■ The next point raised is that the petitioner was a contingent remainderman and not eligible for appointment. The petitioners cite the case of *Yates v. Yates*, 255 Ill. 66. That case was not one of appointment by the testator but was one of appointment of a successor in trust by the original trustee under a provision of the will authorizing the original trustee to appoint as his successor some suitable person to execute the trust. In that case, the court while not specifically holding that a remainderman could not be trustee, did hold, that due to the possibilities that such a remainderman, acting as trustee, could so manage the estate for his own ultimate benefit, refused the appointment of a remainderman as trustee. The appellants also cite the case of *Lorenz v. Weller*, 267 Ill. 230, which was a case of appointment of a trustee by the testator and in that case, the court distinguishes between the facts in such a case and the facts and the law as laid down in the *Yates* case. The court in stating the differences between the *Yates* case and that one, said: "In the *Yates case* the trustee, who was a contingent remainderman, was not appointed by the will but was appointed by the original trustee under a provision of the will authorizing him to appoint as his successor some suitable person to execute the trust. The holding in the *Yates case* is correct, but it has no application to the situation here. There the court was dealing with the question whether one who had been appointed as a successor in trust under a power to appoint a suitable person as such successor should be removed by reason of his relationship to the property, while here appellant is asking the court to remove the trustees appointed by

415

the will. It does not necessarily follow that because a court of equity would not, under given circumstances and conditions, appoint certain persons to execute a trust created by a will, that the testator himself could not make a valid appointment of such persons under the same conditions. The desires of a testator in the appointment of a trustee will be observed although he may see fit to appoint a person whose relationship to the estate is such that a court of equity would not appoint him if the appointment was to be made by the court." Thus it can be readily seen that the *Yates* case is good authority, but it is not applicable where the testatrix, as in this case, made the appointment of the trustee by her will. The desires of the testatrix should be observed.

■ This leaves only the question of the disagreement and the apparent hostility between the trustee and the beneficiaries. On this point, the appellants again cite the case of *Lorenz v. Weller*, 267 Ill. 230, 243. In that case, there was evidence of hostility between the trustee and the beneficiaries. Yet the court denied the petition to remove and said: "While Herman Weller admits he is not on friendly terms with appellant or her father, it does not appear that the relations are such as to interfere with the beneficial administration of the trust." That there is disagreement and some hostility cannot be disputed. The litigation here is proof of that. Two of the heirs, namely, Mrs. Black and Bernadine Gleeson testify that they have lost all confidence in Mr. Colbrook and mistrust him. On his part, Mr. Colbrook admits that the mistrust on the part of the beneficiaries has made him feel unfriendly or at least he is no longer friendly with these two beneficiaries. The hostility on the part of the beneficiaries seems to stem mainly from Mr. Colbrook's neglect or inability to render itemized statements on the farm management. There does not seem to be any question

of Mr. Colbrook being a good farmer. Is this distrust and disagreement between the parties sufficient to defeat the wishes and desires of the testatrix, Mrs. Gleeson? Is the hostility such that it would interfere with the beneficial administration of the trust? Again, these are questions of fact that were decided by the chancellor, and this court is not disposed to overrule his decision. The judgment of the trial court will be affirmed.

*Affirmed.*

MR. JUSTICE HIBBS took no part in the consideration or decision of this case.