THE COUNTY OF WILL *et al.*, Plaintiffs (NATHAN MANILOW, Additional Plaintiff-Appellee), *v.* WOODHILL ENTERPRISES, INC. *et al.*, Defendants (UNITED BONDING INSURANCE COMPANY OF INDIANAPOLIS, INDIANA, Defendant-Appellant, PULLMAN BANK AND TRUST COMPANY, Additional Defendant, and FRANKLIN W. KLEIN, Special Admr., Additional Defendant-Appellee.)

(No. 70-132;

Third District—October 13, 1971.

*Rehearing denied December 4, 1971.*

Gelmartin & Wisner, of Chicago, for appellant.

Wayne Johnson, of Joliet; Epstein, Schnoff, Schrager, of Chicago; Louis R. Bertani, State's Attorney, of Joliet; Phillip Rummel, of Chicago;

Klein, Thorpe, Kasson & Jenkins, of Chicago; and Joseph Geeslin, of Indianapolis, Indiana, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by United Bonding Insurance Company from a judgment of the circuit court of the Twelfth Judicial Circuit, Will County, Illinois, in favor of Nathan Manilow in the amount of $48,360, plus interest from the date the suit was filed by the county of Will and the Township Highway Commissioner of Monee Township and a judgment of said court in favor of the Estate of Gray in the amount of $31,937.10 plus interest from the date suit was filed by the Estate of Gray. The court further found in favor of the Monee Township Highway Commissioner and that he would be entitled to damages in the amount awarded to Nathan Manilow; but that because of certain assignments of his rights to said damages no judgment for damages was awarded to the Highway Commissioner.

In 1959, Defendant, Woodhill Enterprises, Inc. was formed for the purpose of subdividing and developing real estate located in Monee Township, Will County, Illinois. The officers of Woodhill Enterprises, Inc. were Messrs. Kritzik, Rosenthal and Samson. Prior to the time that Woodhill Enterprises, Inc. was incorporated, these three gentlemen purchased through affiliated companies about 1200-1300 acres of land in Will County which they intended to develop.

The land to be developed was divided into four subdivisions, namely, Woodhill-Ridgeview Subdivision, Woodhill-Ridgeview First Addition, Woodhill-Ridgeview Second Addition and Woodhill-Ridgeview Subdivision Third Addition (hereinafter referred to as the original subdivision and first, second, and third additions). Woodhill Enterprises, Inc. began development of the subdivisions; but due to financial problems, it was unable to complete the project.

In 1961 and 1962, Woodhill Enterprises, Inc. as principal, and United Bonding Insurance Company, as surety, executed four subdivider bonds, which bonds guaranteed the performance of certain contracts entered into between Woodhill Enterprises, Inc. and the Township Highway Commissioner of Monee Township. The bonds were for the original subdivision and first, second and third additions and were in the penal sum of $56,000, $53,000, $19,000 and $13,000, and were dated April 29, 1961, July 7, 1961 and April 12, 1962 respectively.

On March 9, 1965, the County of Will and the Township Commissioner of Monee Township instituted suit against Woodhill Enterprises, Inc. and the United Bonding Insurance Company, claiming that under the terms of its contracts, Woodhill Enterprises, Inc., agreed to lay out

and pave certain streets in the subdivisions and that Woodhill Enterprises, Inc. breached its contracts since it did not complete the streets in the first, second and third additions. The Plaintiffs prayed for judgment in the full penal sums of the bonds, namely, $53,000, $19,000 and $13,000.

Joseph A. Schudt and Associates prepared plans and specifications for the completion of the streets in the first, second and third additions in May, 1965, solicited bids therefor and thereafter in the fall of 1965, the Monee Township Highway Commissioner entered into a contract with the lowest bidder, Gallagher Asphalt Corp., for the contract price of $48,365 and Gallagher Asphalt Corp. completed the contract.

To obtain funds to pay Gallagher Asphalt Corp., the Monee Township Highway Commissioner entered into an agreement with Pullman Bank and Trust Company, whereby the Pullman Bank and Trust Company agreed to pay the Gallagher Asphalt Corp. through the Superintendant of Will County Highways, the contract price of $48,365 in consideration of the Monee Township Highway Commissioner assigning his rights in the cause of action against Woodhill Enterprises, Inc. and the United Bonding Insurance Company, and assigning his rights in and to the bonds upon which suit was founded. The Gallagher Asphalt Corp. was paid $48,365 by the Superintendent of Will County Highways from funds received from the Pullman Bank and Trust Company. The Pullman Bank and Trust Company was the owner of a number of lots in the subdivision, having obtained title through mortgage foreclosure procedure.

On March 30, 1966, the Pullman Bank and Trust Company sold its interest in the subdivisions to Nathan Manilow, and on that same day, Pullman Bank and Trust Company and Nathan Manilow entered into an agreement whereby the Pullman Bank and Trust Company assigned to Nathan Manilow any rights the Pullman Bank and Trust Company had obtained from the previous assignment by the Monee Township Highway Commissioner to Pullman Bank and Trust Company.

On December 14, 1966, Nathan Manilow was joined in the proceedings as an additional plaintiff and brought suit against Woodhill Enterprises, Inc., United Bonding Insurance Company and the Pullman Bank and Trust Company. The Pullman Bank and Trust Company was ultimately dismissed as a defendant.

Manilow's suit was predicated on the assignment he had received from the Pullman Bank and Trust Co. on March 30, 1966.

On January 3, 1968, the Executors of the Estate of Collin D. Gray filed a suit against the Woodhill Enterprises, Inc. and the United Bonding Insurance Co. claiming that Gray had constructed streets in the original

subdivision, first and second additions and later the third addition, and the sum of $86,979.13. This suit was joined with the present suit and Gray was made a party hereto.

At the time of the trial, Messrs. James McCarthy, who was Will County Highway Commissioner at the time this cause of action arose, and Christ Holl, Monee Township Highway Commissioner, were both deceased.

At the trial the completed form of the bond, the proposal and the contract were offered and admitted into evidence as to the original subdivision. For the first, second and third additions, the bonds, as executed, were introduced into evidence; however, executed copies of proposals and contracts for the first, second and third additions could not be found.

Plats of the original subdivision, and first, second and third additions, with a certificate of the Will County Superintendent of Highways and the Monee Township Highway Commissioner that all of the requirements governing plats adopted by the Will County Board of Supervisors had been complied with, were introduced into evidence. The rules and regulations governing plats for Will County were introduced into evidence. Chapter 34, Section 414, Illinois Revised States 1961, was before the court. This section deals with the grant of authority to the County Board to adopt requirements governing plats.

Testimony was introduced that the proposals and contracts were prepared for the original subdivision and the first, second and third additions and forwarded to Woodhill Enterprises, Inc. No witness testified that he saw executed contracts for the first, second and third additions. Testimony was introduced that the United Bonding Insurance Co. had blank contract forms and knew the work that was to be done and how the blanks would be completed.

The verified complaint of United Bonding Insurance Co. in another suit against Messrs. Kritzik, Rosenthal and Samson, and their wives, to enforce an indemnification agreement in connection with the bonds in this case was introduced into evidence. The complaint set forth the bonds and that each bond recited that it secured the performance by Woodhill Enterprises, Inc. of contracts with the Monee Township Highway Commissioner.

The Defendant, United Bonding Insurance Company, contends (1) that before a surety can be held liable on a bond which guarantees the performance of a contract, the execution, delivery and provisions of the contract have to be proven and that the liability of the surety must be determined from the provisions of the bond and the contract being guaranteed; (2) that the Township Highway Commissioner can not

assign his rights in a cause of action or his rights under the sub-divider's bond; (3) that interest is not recoverable from a surety on a bond where damages are awarded for less than the full penal amount of the bond and there is no unreasonable and vexatious delay in payment by the surety.

We consider the first contention of the United Bonding Insurance Company.

The trial court found from the evidence that completed proposals and contracts in the form required by the applicable ordinances, rules and regulations of Will County were in existence and were executed by Woodhill Enterprises, Inc. and the Monee Township Highway Commissioner and delivered. These contracts covered the original subdivisions and the first, second and third additions.

■■ The trial court's findings on questions of fact when sitting without a jury will not be disturbed upon appeal unless manifestly against the weight of the evidence. *In re Gleeson's Will*, 1 Ill.App.2d 409, 117 N.E.2d 792; *Seaboard Surety Company v. Glenayre Estates, Inc.*, 114 Ill. App.2d 341, 252 N.E.2d 712.

■■ The recorded plats for the first, second and third additions with the certificate of the Monee Township Highway Commissioner that the requirements of the regulations governing plats of Will County had been complied with is evidence that bonds and contracts have been executed in accordance with those regulations. In *Retail Liquor Dealers Protective Association v. Fleck*, 408 Ill. 219, 96 N.E.2d 556, the court held that there was a presumption that public officials will properly perform the duties of their office. This presumption prevails unless the contrary is shown. *El Patio, Inc. v. Illinois Liquor Control Commission*, 20 Ill.App.2d 259, 156 N.E.2d 9.

There is direct evidence that proposals and contracts were prepared and forwarded to Woodhill Enterprises, Inc. for execution. We can not agree with the contention of United Bonding Insurance Company that the certification on the plat is a mere conclusion that these proposals and contracts were executed and that the fact of certification could not properly be considered by the trial court for any purpose.

■■ The verified complaint of United Bonding Insurance Company in their suit against Messrs. Kritzik, Rosenthal and Samson and their wives, was properly considered by the trial court as an admission against interest insofar as it related to the issue of the execution of the contracts. *Frank v. Central Mutual Insurance Co.*, 273 Ill.App. 445.

■■ Further, the bonds themselves recite the existence of the contracts. In the absence of any evidence to the contrary, we can not say that the finding by the court that the proposals and contracts were executed and

delivered is manifestly against the weight of the evidence.

■■■ The execution and delivery of the contracts having been established to the satisfaction of the trial court, the matter of the proof of the contracts and default by any competent evidence was proper. (*Vermont Marble Co. v. Bayne,* 368 Ill. 618, 15 N.E.2d 510; *People ex rel. Yohe v. Huddle,* 378 Ill. 377, 38 N.E.2d 38.) Evidence was introduced that United Bonding Company had received blank printed forms of the contracts and had been advised as to what written information was contained in the contracts. Testimony was introduced from the person who prepared the contracts as to their contents. Evidence was introduced that contracts were prepared for the first, second and third additions in the same manner as for the original subdivision. In the absence of any evidence to the contrary, we can not say that the trial court's findings of a contract, a default and the amount thereof is manifestly against the weight of the evidence.

We next consider the question of the assignment. The assignment did not provide for any repayment to the Pullman Bank and Trust Company in the event that the suit was not successful in whole or in part.

The Monee Township Highway Commissioner continued the prosecution of the suit after the assignment and the trial court found that he would be entitled to damages except for the assignment.

■■ A Township Highway Commissioner has only those express powers granted by statute. Yet, a legislative grant carries with it, by implication, the powers necessary to make the grant effective. He has the implied power to make the contracts necessary to enable him to exercise the powers conferred and to perform the duties enjoined upon him by law. *Euziere v. Highway Commissioner of Town of Rockville,* 346 Ill. 131, 178 N.E. 397.

No contention is made by the United Bonding Insurance Company that the contract with Gallagher Asphalt Corp. is void. They challenge only the method of payment. It is true that the Highway Commissioner could not have borrowed the money to complete the improvements in the subdivision. (*Michael v. Jordan,* 288 Ill.App. 432, 6 N.E.2d 213.) However, the assignment to Pullman Bank and Trust Company contained no provisions for any liability to attach to the Highway Commissioner or any other public body in the event that the suit was unsuccessful.

Defendant cites *Brownell Improvement Co. v. Highway Commissioner,* 280 Ill.App. 43, and *Challacombe v. Commissioner of Highways,* 16 Ill. App. 115. Both cases deal with contracts made in direct violation of *express* statutory requirements and are not applicable to the facts in this case.

■■ The only case cited by United Bonding Insurance Company that directly involves the question of assignment by a public official or corporation is *Morro Palisades Co. v. Hartford Accident and Indemnity Co.,* 340 P.2d 628. That case is distinguishable in that the assignment was not made to secure the improvements of the subdivision roads covered by the bond, was for the sole benefit of the assignee and was intended to relieve a public body of its obligations and duties under the law. In effect it was an abdication of the duties and obligations of a public body to secure the improvements of the subdivision roads in accordance with the terms of the bond. In this case the Highway Commissioner made an unchallenged contract for the road improvements and only provided for the payment of those improvements by assignment of his interest in the suit and the bonds. The Monee Highway Commissioner did not abdicate his duties and obligations or even assign his duties and obligations but rather used the assignment to fulfill his statutory duties and obligations. In so doing, the Monee Township Highway Commissioner did not violate any express statutory requirements for the payment of the improvements and the assignment under the facts of this case can not be held to be invalid or void. *Roesch-Zeller, Inc. v. Hollembeak,* 5 Ill.App.2d 94, 124 N.E.2d 662.

We now consider the third contention of the United Bonding Insurance Co. To support its contention that the prejudgment interest should not have been awarded, it cites *Board of Education, etc. v. Aetna Casualty & Surety Co.,* 305 Ill.App. 246, 27 N.E.2d 337, and *Housing Authority of County of Franklin v. Holtzman,* 120 Ill.App.2d 226, 256 N.E.2d 873. Both cases state that there can not be a recovery of interest unless there is a showing of vexatious delay. The cases do not indicate how the issue of interest arose and both cases made flat enunciations of the principle that there must be vexatious delay in order to recover interest. Neither case cites any authorities or statutes for this proposition.

In this case interest is sought on a bond and claimed under Chapter 74, Section 2, Illinois Revised Statutes, which provides as follows:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment."

■■ We believe that when interest is claimed, under this section, on moneys after they become due on any bond, that the proper construc-

tion of this section is set forth in *National Surety Co. v. McCormick,* 268 Fed. 185. In that case it was claimed that the damages were not liquidated and that the delay in payment was not shown to be vexatious and that therefore, interest was not chargeable under the statute. The court held:

> "Where the action is on a bond, it does not have to appear that there has been a liquidation or a settlement, or that the delay of payment is vexatious, in order that interest may be allowed. It is sufficient that it is a bond which was sued upon, and that the money was due. The Court allowed interest at the Statutory rate from the date of commencement of suit, and in this there was no error." Citing *Illinois Surety Co. v. Davis,* 244 U.S. 376; *In re Morrison,* 261 Fed. 355; *Holmes v. Standard Oil Co.,* 183 Ill. 70.

For the foregoing reasons the judgment of the circuit court of the Twelfth Judicial Circuit, Will County, Illinois, is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.