144 N.J. Super. 223 (1976)
365 A.2d 200
CLEARWATER ASSOCIATES, INC., A NEW JERSEY CORPORATION, ET AL., PLAINTIFFS-APPELLANTS,
v.
F.H. BRIDGE & SON, CONTRACTORS, FRANK H. BRIDGE AND ASTRID C. BRIDGE, INDIVIDUALLY AND REPUBLIC INSURANCE COMPANY, ETC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1976.
Decided October 1, 1976.
Before Judges BISCHOFF, MORGAN and COLLESTER.
Mr. Robert S. Moraff argued the cause for appellants (Messrs. Marcus, Rosen, Breslow, Levy, Jaffe & Fiorello, attorneys).
*224 Mr. Louis Aueracher, Jr. argued the cause for respondent Republic Insurance Company.
PER CURIAM.
Plaintiffs Borough of Butler (borough) and Clearwater Associates (Clearwater) appeal from a judgment of involuntary dismissal entered at the conclusion of plaintiffs' case. The underlying suit was brought to enforce the obligation of the defendant surety, Republic Insurance Company, on a performance bond.
Clearwater's predecessor in title, F.H. Bridge & Son, sought to develop residential property within the borough and secured the necessary subdivision approvals for the contemplated work. In compliance with the conditions to the approval, Bridge executed, on October 26, 1966, a performance bond, with defendant as surety and the borough as obligee, in the penal sum of $20,000, conditioned for the construction by Bridge of a number of improvements to the site (such as curbs, streets, sidewalks, water mains and the like), all of which were to be completed within one year of the date of the bond. Because of financial difficulties, Bridge was unable to complete the development or the improvements covered by the bond, and abandoned the project, leaving two partially completed houses, partially completed sewers and curbs and rough graded streets. Neither Bridge, the principal, nor the surety ever completed the improvements despite written requests from the borough to do so.
Thereafter an estimate of the cost of completing the improvements, prepared by the borough's engineer, disclosed that the cost of the improvements had risen to an estimated $55,000, thus requiring the expenditure of $35,000 of municipal funds over the full amount of the bond. Because of the prospective high cost to the borough, any thought of completion of the improvements was rejected.
Nothing was done with respect to the incomplete development until May 16, 1972 when the borough entered into an agreement with Clearwater which had previously acquired the *225 property in question. In this agreement Clearwater agreed to complete the improvements in return for issuance of certificates of occupancy and building permits. Paragraph 13 of this agreement provided:
Both parties hereto agree to cooperate in efforts to obtain from the Republic Insurance Company, surety on the original performance bond posted by the original developer, full or partial satisfaction of its obligations by reason of the default of the original Developer, it being understood that the Borough's participation may be limited by such applicable law as investigation shall reveal.
Clearwater thereafter completed the improvements and sold 11 of the houses in the development at a profit. Plaintiffs have stipulated that the borough made no payment toward the improvements and that improvements were made and paid for by Clearwater.
At the close of plaintiffs' proofs and on defendant's motions, the trial court, sitting without a jury, entered a judgment of involuntary dismissal on the grounds that the borough's cause of action against the surety on the performance bond was not assignable and hence Clearwater, the purported assignee, acquired no rights under the bond by the agreement of May 16, 1972; Clearwater was not in privity with the surety and hence could assert no claim against it; since the borough made no payments on account of the improvements covered by the bond, it suffered no damage from the bonding company's default, and therefore can recover nothing on the bond.
At trial all parties implicitly conceded the import of the above-quoted provision of the May 16, 1972 agreement as effecting an assignment of the borough's rights under the bond to Clearwater. During oral argument the fact of assignment was expressly conceded by all parties. Hence, despite our doubts as to whether this agreement did constitute an assignment of those rights and because resolution of the issue is not material to the issue posed, we confront the problem posed as if the agreement had its stipulated effect.
*226 Defendant surety contends here, as it did before the trial court, that neither the bond itself nor the statutes prescribing the consequences of a default in the guaranteed performance make provision for the assignability of a municipality's claim on such a bond, and hence the purported assignee thereof lacks standing to enforce the surety's obligation thereon. The performance bond in question was issued in accordance with the Municipal Planning Act. N.J.S.A. 40:55-1.1.[1] Before final approval of a subdivision, a governing body may require the installation of certain improvements which it may deem to be necessary or appropriate in the public interest, or the furnishing of a performance guarantee in lieu thereof. N.J.S.A. 40:55-1.21. N.J.S.A. 40:55-1.22 provides, in pertinent part:
If the required improvements shall not have been installed in accordance with the performance guarantee, the obligor and surety, if any, shall be liable thereon to the municipality for the reasonable cost of the improvements not installed and upon the receipt of the proceeds thereof the municipality shall install such improvements.[2]
Although it is quite true, as the surety contends, that neither this provision nor the bond itself makes claims thereunder assignable, it is equally clear that there exists no provision forbidding the assignment thereof. The issue is one of novel impression in this State. Authority elsewhere is not plentiful. Two cases, both somewhat distinguishable, have confronted the issue. In Morro Palisades Co. v. Hartford Acc. & Indem. Co., 52 Cal.2d 397, 340 P.2d 628 (Sup. Ct. (1959), the assignee of a county's rights on a performance bond sought to compel performance by the bonding company. The bond purported to guarantee Westfall's improvements of all the streets in a subdivision he was developing. As in the *227 present case, Westfall commenced improving the roads but abandoned the work before completion, and the surety refused to honor its obligation on the bond. The obligee county thereafter assigned its rights in the bond to plaintiff, who owned 50% of the land being developed. The California Supreme Court affirmed the trial court's dismissal of the assignee's claim, holding the county's claim under the bond not to be assignable, saying:
* * * the county presumptively is entitled to receive the road work which Westfall agreed to complete. And here the right to recover under the bond appears clearly to be a right of the county rather than of the owner of a portion of the property which might be affected by the default. * * * It is the county which is indemnified by the express terms of the bond against loss * * * The general rule appears to be that if a public improvement faithful performance bond runs to the public body, action thereon must be brought in that body's name. [340 P.2d at 631]
According to the Morro court, the rights and liabilities under a surety bond must be determined from its language read in light of the applicable statutes, and noting that the bond was conditioned for the benefit of the obligee county, it could not be construed to have been furnished for the protection and benefit of the principal or other landowners of the tract. Perhaps the essential basis for the opinion in Morro can be found in the following language:
* * * What plaintiff seeks by its complaint is not to compel improvement of the subdivision roads, but to recover in full on its own behalf a money judgment representing the cost of such improvement. [340 P.2d at 632]
There is no suggestion in Morro that the improvements were ever made or would ever be made.
Morro was distinguished in County of Will v. Woodhill Enterprises, Inc., 4 Ill. App.3d 68, 274 N.E.2d 476 (App. Ct. 1971), on that basis. In County of Will defendant Woodhill, intending to subdivide and develop real estate in Monee Township, Will County, executed performance bonds which *228 guaranteed that Woodhill would perform certain contracts for the paving of streets in the subdivision. When Woodhill became unable to complete the project, the county and township instituted suit against Woodhill as principal and United Bonding as surety. Thereafter the township highway commissioner entered into a contract with a construction firm to complete the improvements. In order to pay the contractor the township highway commissioner entered into an agreement with a bank pursuant to which the bank would provide the funds to pay the contractor in return for an assignment of the rights under the bond. The contractor was paid from funds received from the bank, and the bank reassigned its rights in the bond to Nathan Manilow, joined as plaintiff in the lawsuit.
The assignment in County of Will was upheld, despite a suggestion that no express statutory provision authorized it. The court observed that any legislative grant carries with it, by implication, the powers necessary to make the grant effective. The sweeping language of Morro condemning assignments under a performance bond was explained by the facts of that case. In Morro, the assignment was not made to secure the improvements of the subdivision roads covered by the bond. The assignment in Morro
* * * was for the sole benefit of the assignee and was intended to relieve a public body of its obligations and duties under the law. In effect it was an abdication of the duties and obligations of a public body to secure the improvements of the subdivision roads in accordance with the terms of the bond. [County of Will, supra at 482]
In County of Will, on the contrary, the assignment was made for the purpose of securing performance of the improvements and on that basis was validated. See also, Corn Constr. Co. v. Aetna Cas. & Sur. Co. of Hartford, 295 F.2d 685, 690 (10 Cir.1961).
In the case before us the improvements have been made. In the contract containing the purported assignment Clearwater expressly undertook to complete the improvements its *229 predecessor had abandoned in an incomplete state, and the agreement with respect to the proceeds of the bond provided part of the consideration for this undertaking. Hence, although Clearwater will, no doubt, derive benefit from the assignment, so will the municipality. The improvements for which the latter bargained some ten years ago have been made, without the expenditure of substantial public moneys well in excess of the penal sum of the bond and the liability of defendant will not exceed that for which it accepted compensation to assume.
We therefore hold that a municipality may assign its rights under a bond where the assignment is for the purpose of obtaining the performance guaranteed by the bond and upon a showing that the improvements have been made. We perceive no reason why a surety, compensated for the obligation it assumes to a municipality, should be exonerated in circumstances where its liability to the municipality on the bond is clear, simply because the bargained-for improvements were completed by an assignee of the claim by agreement with the municipality. The purpose of the bond, to provide the means by which a municipality may insure completion of a bargained for performance, will be fulfilled by this holding. Wyckoff Tp. v. Sarna, 136 N.J. Super. 512, 518 (App. Div. 1975).
Consequently, the fact of assignment provides no obstacle to the present claim and the trial judge erred in entering a judgment of involuntary dismissal. The judgment is reversed. Because of the retirement of the judge, a remand for the purpose of hearing only defendant's case is inappropriate. Hence, the case is remanded for a new trial on all issues. On the remand, the trial court shall determine the terms and conditions of the assignment, if there was one. If the assignment was of the entire claim, then the municipality's claim should be dismissed. If the assignment was partial, then any judgment entered in plaintiffs' favor should reflect the interest of both plaintiffs therein. Should there *230 be judgment in defendant's favor, any conclusions with respect to the terms and conditions of the assignment, if any, would be, of course, immaterial.
Reversed and remanded for a new trial.
NOTES
[1] Repealed and superseded by L. 1975, c. 291.
[2] Effective July 14, 1976 this provision was amended to permit the municipality to make the improvements either before or after receipt of the proceeds of the bond.