(No. 24486.

THE VERMONT MARBLE COMPANY, Appellant, *vs.* GEORGE C. BAYNE *et al.* Appellees.

*Opinion filed April 15, 1938—Rehearing denied June 8, 1938.*

ORR, J., dissenting.

NELSON, SLATER & BOODELL, (DRENNAN J. SLATER, of counsel,) for appellant.

CHIPERFIELD & CHIPERFIELD, and GUMBART & GRIGSBY, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This cause arises upon a contract of suretyship whereby the defendants (appellees here) bound themselves as surety for the full payment by the American Mausoleum Company of all sums that might become due to the Vermont Marble Company, on account of a contract for the purchase and installation of marble. The circuit court directed a verdict for the defendants and the judgment entered on that verdict has been affirmed by the Appellate Court for the Third District. The cause is here for review by appeal on leave granted.

On May 10, 1926, the Vermont Marble Company entered into a contract with the American Mausoleum Company, whereby it was agreed that marble should be furnished in accordance with certain drawings and blueprints attached thereto, for certain considerations therein mentioned. Small variations of this contract were made in accordance with its terms and on the trial of the cause some of the blueprints mentioned in the contract were lost or not available. Two days after the date of this contract, but apparently as a part of the same transaction, the following agreement was executed, either upon the back of, or attached to, the original contract:

"For value received, and as an inducement to Vermont Marble Company to make this contract, the undersigned hereby becomes surety for the full payment and faithful performance of said contract by the purchaser, according to the terms thereof, and waives notice of any additions to or deductions from said contract in accordance with the terms thereof, and also notice of defaults; and consents that the company may waive defaults and grant extensions of time without notice and without in any way releasing or impairing this agreement.

GEO. G. BAYNE
PHILIP E. ELTING
G. WILBUR WETZEL
J. E. CARSON."

Thereafter, pursuant to a written agreement between the parties, Phillip E. Elting was released as a surety and the

defendant Charles E. Dent was substituted in his place. This substitution of parties was the cause of the previous litigation which came to and was decided in this court. (*Vermont Marble Co.* v. *Bayne,* 356 Ill. 127.) The present case is tried upon the declaration which we held in the former case to state a cause of action. In that case we also held that the defendant Dent became a co-surety with the signers of the original instrument and none of the questions there decided are here open for consideration.

The declaration in this case consisted of two counts, and the pleadings are all under the Practice act of 1907, the cause having been at issue prior to the adoption of the present Civil Practice act. The first count of the declaration alleges the sale of goods, wares and merchandise, and the agreement on behalf of the sureties, in writing, to pay for such goods so sold to the American Mausoleum Company; that the American Mausoleum Company had been dissolved, the plaintiff paid $222.50 and that there was a balance of $3998.53 due the plaintiff, which the defendants had not paid. The second count sets forth *in hæc verba* the contract between the defendant marble company and the American Mausoleum Company, and also sets forth in the same manner the agreement of suretyship above quoted. It further alleges that the plaintiff furnished and delivered, and the American Mausoleum Company accepted and received, the marble mentioned in the contract, in accordance with its specifications to the amount of $4350. It also alleges details as to goods that were broken in shipment, and replacements furnished at the request of the mausoleum company, in accordance with the contract, the payment of freight, for which credit was given, the details of the substitution of Dent as surety in place of Elting, as described in our former opinion above referred to; that Dent had paid the sum of $1000 upon the indebtedness; that a decree had been entered in the circuit court of McDonough county appointing a receiver for the American Mausoleum Com-

pany and directing all claimants to file their claims. It is further alleged that, with the consent of the defendants, the plaintiff filed its claim with the receiver and received a dividend of $222.50 thereon, making a total credit, with freight allowance, the money paid by Dent and this dividend, of $1469.29, and leaving a balance due the plaintiff of $3324.97, together with interest making a total of $3998.53 due to the plaintiff, of all of which the defendants had notice and which, notwithstanding their promise, they have not paid.

On the trial of the case, the court first admitted and later excluded the contract for marble between the plaintiff and the mausoleum company, this ruling having been made because the contract as produced in court did not have with it certain specifications and certain blueprints numbered 2, 3 and 4. The attorney for the plaintiff offered to prove that the original plans as submitted were purely fragmentary and not contemplated by the contract and that the contract itself provided for the furnishing of further and different drawings, that such drawings were furnished by the plaintiff and approved by the mausoleum company, all in accordance with the contract, which offered evidence was rejected. He asked leave to call several witnesses in connection with these matters and the court held that such testimony would be incompetent under the pleadings, because, as the court said, it would constitute a variance between the proof and the contract declared on. This ruling of the trial court was concurred in by the Appellate Court.

The difficulty in this case arises from a failure to distinguish between the two contracts that are involved and this confusion is largely caused by the plaintiff having put more in its declaration than was necessary. The contract sued on is the contract of suretyship and that is the only agreement between the parties which need have been set forth *in hæc verba*. That agreement was that the defendants became surety for the full payment and faithful performance of the contract between the plaintiff and the

mausoleum company. The recitals of the declaration as to that contract are only matters of inducement. The declaration would have been good had it merely alleged the substance of that agreement, the agreement of suretyship *in hæc verba,* the existence of a default on the contract between the plaintiff and the mausoleum company and the failure of the defendants to pay.

It was not necessary for the plaintiff to introduce that contract or any part of it in evidence, except such parts of it as might have been necessary to show the existence of an indebtedness under it, because it was not the contract being sued on. Under the contract of suretyship the plaintiff was entitled to make proof of the existence of a default and the amount thereof, and, subject to other general rules, that proof might have been by any competent evidence tending to establish the liability suffered by reason of the principal's default. (50 Corpus Juris, 215.) The contract between the plaintiff and the mausoleum company is merely an item of evidence in the case, if offered for that purpose, and the whole or any part of it may be offered by either party if it tends to establish a claim or a defense. There is no question of variance involved in the case because the contract of suretyship was proved as alleged, and this could not have been denied without a proper verified plea. The judgment of the Appellate Court and the judgment of the circuit court of McDonough county will each be reversed and the cause is remanded to the circuit court of McDonough county for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE ORR, dissenting.