INDUSTRIAL HARD CHROME, LTD.,
IHC Limited Partnership, and Bar
Technologies, L.L.C., Plaintiffs,

v.

HETRAN, INC. and GLOBAL
TECHNOLOGY, INC.,
Defendants.

No. 99 C 1716.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 2, 1999.

Michael D. Wexler, Seyfarth, Shaw, Fairweather and Geraldson, Chicago, IL, for Plaintiffs.

Debra A. Winiarski, Jeffrey H. Bergman, Daniel C. Curth, D'Ancona & Pflaum LLC, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), plaintiffs' third amended complaint. For the following reasons, the court grants in part and denies in part defendants' motion to dismiss.

## I. BACKGROUND

Plaintiffs Industrial Hard Chrome, Limited ("IHC"), IHC Limited Partnership ("IHCLP") and Bar Technologies, L.L.C. ("Bar") (collectively "plaintiffs") bring this diversity action against defendants Hetran, Incorporated ("Hetran") and Global Technology, Incorporated ("Global") (collectively "defendants"). IHC, IHCLP, and Bar are all located in Illinois with their principal places of business in Illinois. Hetran is a New York corporation with its principal place of business in Pennsylvania. Global is a Pennsylvania corporation with its principal place of business in Pennsylvania. The amount in controversy exceeds $75,000. Thus, this court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

This action arises out of a contract dispute between plaintiffs and defendants for the design, manufacture and delivery of an integrated series of machines (the "Cell"). Pursuant to this contract, Hetran agreed to manufacture a Cell that would function in accordance with certain specifications. Those specifications required that the Cell operate at a rate of eighty feet per minute in order to straighten steel rods, that are one to six inches in diameter, in a single pass. In turn, IHC agreed to pay Hetran a modified amount of $5,452,325.28 for the Cell. Further, IHC entered into a surety agreement in which Global agreed to act as a surety, or guarantor, of the sales agreement between IHC and Hetran. Plaintiffs now allege that the Cell delivered by Hetran failed to function pursuant to the contract specifications and that Global failed to correct this alleged default.[1] Any additional facts, the court will

1. Both contracts state that Illinois law shall govern. (Pls.Compl.Ex. 1.) Thus, the court will apply Illinois law to all allegations.

discuss in further detail under the relevant claim.

As a result of this dispute, IHC, IHCLP, and Bar have filed a five-count complaint against Hetran and Global. Count I is a claim for breach of contract, alleging that the Cell did not meet the specifications contained in the sale contract. Count II is a claim for breach of implied warranty of fitness for a particular purpose, alleging that Hetran did not design or manufacture a Cell that was fit to operate at particular specifications. Count III is a claim for breach of express warranty, alleging that the Cell delivered breached the equipment warranty contained in the sale contract. Count IV is a breach of contract claim, alleging that Global breached the surety agreement insofar as it failed to correct Hetran's alleged default. Count V is a claim for breach of implied warranty of merchantability, alleging that the Cell was not merchantable.

Defendants argue all five counts should be dismissed for various reasons. In addition, defendants argue that IHCLP and Bar should be dismissed because they are not proper plaintiffs. The court addresses defendants' arguments below.

## II. DISCUSSION

### A. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

In addressing defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f),[2] the court assumes that all factual allegations in the complaint are true and draws all reasonable inferences in favor of plaintiffs. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987); *Cromley v. Board of Educ. of Lockport*, 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiffs, the complaint fails to state a claim upon which relief can be granted, the court must dismiss it. *See* FED. R. CIV. P. 12(b)(6); *Gomez*, 811 F.2d at 1039. However, the

court may dismiss the claim only if it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

While the Federal Rules of Civil Procedure provide a liberal notice pleading standard, the complaint must include either direct or inferential allegations with respect to all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985).

### B. IHCLP and Bar's Claims as Third-Party Beneficiaries

IHCLP and Bar join IHC in the complaint against Hetran and Global. All of the claims alleged in plaintiffs' third amended complaint are based upon the contract entered into between IHC and Hetran for the manufacture and sale of the Cell. Neither IHCLP nor Bar was a party to the contract. However, plaintiffs allege that IHCLP and Bar have the right to sue as third-party beneficiaries to the contract.

It is well-settled under Illinois law that a third party may sue for breach of contract if that contract was entered into for the direct benefit of that third party. *F.W. Hempel & Co., Inc. v. Metal World, Inc.*, 721 F.2d 610, 613 (7th Cir. 1983) (citing "the seminal and still vital Illinois authority" *Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 178 N.E. 498, 501 (1931)). A party is a "direct" beneficiary—and therefore a third-party beneficiary to the contract—if the parties to the agreement manifested an intent to confer a benefit upon that third party. *Hunter v. Old Ben Coal Co.*, 844 F.2d 428, 432 (7th Cir.1988). While a third party does not have to be specifically named in the contract, the contract must at least define a

---

**2.** The standard for deciding a motion to dismiss pursuant to Rule 12(f) is the same standard used in determining a Rule 12(b)(6) mo-

tion. *Zip Dee, Inc. v. Dometic Corp.*, 900 F.Supp. 1004, 1008–09 (N.D.Ill.1995).

third party by description of a class. *Id.* However, the particular direct beneficiary must be identified, as a member of the class intended to be benefitted, at the time performance is due. *Id.*

In this case, the sale contract was made between IHC and Hetran. To file this action, IHCLP and Bar must be third-party beneficiaries of the contract. In the complaint, IHCLP and Bar allege that (1) the parties to the contract knew that a leasing company would be formed to receive the Cell and to finance the Cell; (2) the contract specifically provided for IHC to make an assignment of rights and obligations to a leasing company; (3) IHC made an assignment to IHCLP to obtain financing for the Cell; (4) IHCLP assigned to Bar the right to receive delivery of and operate the Cell in November of 1995; (5) IHCLP expected to benefit from the sub-lease payments made by Bar; (6) both IHCLP and Bar were designated as IHC's nominees and/or third party beneficiaries of the agreement; and (7) Hetran knew of these assignments and of IHCLP and Bar's rights. In further support, plaintiffs allege that Hetran delivered the Cell to Bar, which would indicate that Hetran knew that Bar was benefitting from the contract at the time performance was due. Also, IHCLP is listed on the UCC Financing Statement as a secured party. (Pls.Compl.Ex. 1, Sub–Ex.D.)

These allegations, taken as true, would normally be sufficient to state a claim as third-party beneficiaries. However, as defendants argue in their reply memorandum, plaintiffs have pled facts that are inconsistent with these allegations. (Defs. Reply Br. at 3–4.) Exhibit D of the contract identifies General Electric Capital Corporation ("GECC") and Heller Financial Leasing, Inc. ("Heller") as assignees of IHC's ownership rights in and to the Cell as of February 28, 1995. (Pls.Compl.Ex. 1, Sub–Ex.D.) It is unclear to the court how IHC could assign its rights to IHCLP and Bar if it had already assigned its ownership rights to GECC and Heller. If IHCLP and Bar are not IHC's assignees, they cannot be direct beneficiaries of the

contract. Thus, IHCLP and Bar have failed to state a claim as third-party beneficiaries. Accordingly, the court grants defendants' motion to dismiss IHCLP and Bar as plaintiffs in the present action. However, because it may be possible for IHCLP and Bar to amend the complaint to explain this ambiguity, the court grants IHCLP and Bar leave to amend the complaint.

### C. *Count I—Breach of Contract*

Count I is a claim for breach of contract. In Count I, plaintiffs allege that Hetran breached the contract for the design and manufacture of the Cell. The plaintiffs claim that Hetran breached this agreement because the Cell delivered failed to perform at the level of the contract specifications. Defendants argue that Count I should be dismissed for three reasons. First, defendants argue that plaintiffs have not alleged facts sufficient to establish that the contract was breached. Second, defendants argue that plaintiffs have failed to allege what damages they have suffered as a result of the alleged breach. Third, defendants argue that plaintiffs have failed to allege their own performance under the contract.

To state a claim for breach of contract, plaintiffs must allege that (1) a contract existed; (2) plaintiffs performed their contractual obligations; (3) defendants breached the contract; and (4) plaintiffs suffered damages because of that breach. *Janivo Holding, B.V. v. Continental Bank, N.A.*, No. 91 C 7728, 1992 WL 345391, at *3 (N.D.Ill. Nov.16, 1992). It is insufficient for the plaintiffs to make a conclusory allegation; rather, plaintiff must state the facts underlying the breach. *Id.*

In this case, plaintiffs have alleged that (1) a contract existed; (2) they have fully performed their obligations; (3) defendants breached the contract; and (4) plaintiffs suffered damages as a result of that breach. (*See* Pls. Compl. ¶¶ 35–38.)

In support of these allegations, plaintiffs have identified fourteen different alleged deficiencies of the Cell which resulted in a breach of the contract. (*See* Pls. Compl. ¶ 36.) Further, while plaintiffs have not provided a specific monetary amount, they have alleged various types of damages. (*See id.* ¶ 38.) These allegations would be sufficient to survive a motion to dismiss. However, although plaintiffs have alleged that they have fully performed their obligations under the contract, the facts contradict this allegation. In paragraph 28 of their third amended complaint, plaintiffs allege that the modified contact price owed to Hetran was $5,452,325.28. (*Id.* ¶ 28.) In paragraph 33, however, plaintiffs allege that they have paid Hetran only $5,080,-743.67. (*Id.* ¶ 33.) Taken as true, these allegations belie full performance. Thus, the court finds that plaintiffs have failed to state a claim for breach of contract. Accordingly, the court grants defendants' motion to dismiss Count I of plaintiffs' third amended complaint.[3] However, because it may be possible for plaintiffs to amend the complaint to cure this deficiency, the court grants plaintiffs leave to amend this claim.

### D. Count II—Breach of Implied Warranty of Fitness for Particular Purpose

■ Count II of plaintiffs' third amended complaint alleges that Hetran breached the implied warranty that the Cell would be suitable for a particular purpose. Defendants argue that Count II should be dismissed because plaintiffs failed to allege anything other than an ordinary use for the Cell. The court disagrees.

In order to state a claim for breach of implied warranty of fitness for a particular purpose, plaintiffs must allege that (1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment. *See* 810 ILL. COMP. STAT. 5/2–315; *Banco Del Estado v. Navistar Int'l Transp. Corp.*, 954 F.Supp. 1275, 1286 (N.D.Ill.1997). For such a warranty to exist, the goods must be for a purpose other than their ordinary use. *See* 810 ILL. COMP. STAT. 5/2–315.

In Count II of their third amended complaint, plaintiffs allege that (1) Hetran knew that IHC wanted to purchase a Cell for the particular purpose of straightening steel rods, that are one to six inches in diameter, at rate of 80 feet per minute; (2) IHC relied on Hetran's skill and judgment in recommending such a Cell; and (3) the Cell delivered by Hetran was not fit to perform the particular purpose for which it was designed.[4] (*See* Pls. Compl. ¶¶ 39–46.) Thus, defendants' argument is rejected.

■ However, plaintiffs have failed to allege in their third amended complaint that Hetran knew of IHC's reliance on Hetran's skill and judgment in selecting the Cell, although plaintiffs state as much in their response memorandum. (Pls. Résp. Br. at 9.) While plaintiffs' memorandum cannot be used to overcome a pleading deficiency, *see Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), it appears that this omission was an oversight. Accordingly, the court will grant defendants' motion to dismiss Count II for failure to state a claim, but will grant plaintiffs leave to amend this claim.

### E. Count III—Breach of Express Equipment Guarantee

Count III of plaintiffs' third amended complaint is a claim for breach of an ex-

---

**3.** Although they provide no legal support for their arguments, defendants argue that Counts III and IV should also be dismissed based on plaintiffs' failure to allege full performance. As discussed *infra* sections II.E and II.F, the court rejects this argument.

**4.** While defendants argue that plaintiffs failed to allege any "particular purpose" for the Cell, plaintiffs clearly allege in paragraph 40 of the third amended complaint that the Cell did have a particular purpose. (Pls.Compl.¶ 40.) Because this is a motion to dismiss, the court must take this allegation as true.

press equipment guarantee. In Count III, plaintiffs allege that Hetran breached the express equipment guarantee by manufacturing and delivering a Cell that did not perform pursuant to the express warranty contained in the sale contract. (Pls.Compl.Ex. 1, ¶ 19.) Defendants argue that Count III should be dismissed because (1) plaintiffs failed to allege their own full performance on the sale contract; and (2) it is duplicative of plaintiffs' breach of contract claim.

First, defendants argue that plaintiffs cannot state a claim for breach of express warranty because plaintiffs have not alleged full performance on the contract. However, a claim for breach of express warranty does not require an allegation of "full performance" to survive a motion to dismiss. To state a claim for breach of express warranty, plaintiffs must allege that (1) the seller made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) seller guaranteed that the goods would conform to the affirmation or promise. *International Bhd. of Teamsters Local 734 Health & Welfare Trust Fund v. Phillip Morris, Inc.*, 34 F.Supp.2d 656, 664 (N.D.Ill.1998) (citing *L.S. Heath & Son v. AT&T Info. Sys.*, 9 F.3d 561, 570 (7th Cir.1993)). To satisfy these elements, it is sufficient for plaintiffs to attach the express warranty to the complaint. *Board of Educ. v. A, C & S, Inc.*, 131 Ill.2d 428, 137 Ill.Dec. 635, 546 N.E.2d 580, 595 (1989). In the present case, plaintiffs have attached the express warranty to the third amended complaint. (*See* Pls. Compl. Ex. 1, ¶ 19.) Further, plaintiffs allege that the warranty was breached because the Cell failed to conform to the terms of the express equipment guarantee and that plaintiffs suffered damages as a result of the alleged breach. (*See* Pls. Compl. ¶¶ 47–53.) The court finds this is sufficient to state a claim for breach of express warranty.

Second, defendants argue that Count III should be dismissed under Rule 12(f) because it is duplicative of Count I of

the third amended complaint, plaintiffs' breach of contract claim. The court disagrees. The Federal Rules of Civil Procedure allow for a flexible system of pleading, allowing plaintiffs to assert more than one position. *See* FED. R. CIV. P. 8(e); *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 364 (7th Cir.1990). Rule 8(e)(2) of the Federal Rules of Civil Procedure allows a party to allege "two or more statements of a claim ... either in one count or defense or in separate counts or defenses." FED. R. CIV. P. 8(e)(2). Although plaintiffs cannot obtain double recovery, the court does not need to force plaintiffs to elect one remedy over the other. *See Tribune Co. v. Geraghty & Miller, Inc.*, No. 97 C 1889, 1997 WL 438536, at *3 (N.D.Ill. July 25, 1997) (allowing plaintiffs to assert both a breach of contract claim and a breach of express warranty claim even though both claims were based on the same facts). Accordingly, the court denies defendants' motion to dismiss Count III of plaintiffs' third amended complaint.

### F. *Count IV—Breach of Contract— Global*

Count IV of plaintiffs' third amended complaint is a claim for breach of the surety contract entered into between Global and IHC, in which Global agreed to act as surety for the completion and delivery of the Cell. (Pls.Compl.Ex. 1, Sub-Ex.C.) Defendants argue that Count IV should be dismissed for failure to state a claim insofar as plaintiffs have failed to pray for relief against Global. In their response memorandum, plaintiffs assert that the prayer for relief against Hetran (instead of Global) was simply a scrivener's error. (Pls. Resp. Br. at 13–14.) Given that plaintiffs refer only to Global—and not to Hetran—in paragraphs 57–60 of Count IV, the court finds that the reference to Hetran in the prayer for relief was a scrivener's error. However, plaintiffs must still properly state a prayer for relief. Thus, the court grants defendants' motion to dismiss Count IV, but will grant

plaintiffs leave to amend this claim in order to correct this error.[5]

 Defendants also argue that Count IV should be dismissed because plaintiffs failed to allege their own full performance on the contract for the sale of the Cell. The court rejects this argument because the surety contract and the sale contract are two separate agreements. *See Vermont Marble Co. v. Bayne*, 368 Ill. 618, 15 N.E.2d 510, 512–13 (1938) (holding that surety agreement was separate from the underlying contract). To state a claim for breach of surety contract, plaintiffs must allege that Hetran defaulted and that Global received notice of the alleged default and failed to correct it. *Id.* Plaintiffs have alleged as much and, therefore, have sufficiently pled a claim for breach of the surety contract. (*See* Pls. Compl. ¶¶ 54–60.) However, for the reasons set forth above, Count IV is dismissed with leave to amend.

### G. *Count V—Breach of Implied Warranty of Merchantability*

 Count V of plaintiffs' third amended compliant is a claim for breach of implied warranty of merchantability. In Count V, plaintiffs allege that the Cell delivered by Hetran was unmerchantable and not fit for its intended ordinary purpose. However, defendants argue that this count should be dismissed because plaintiffs have failed to allege what the Cell's "ordinary purpose" is or how it is unfit. The court agrees.

 To state a claim for breach of implied warranty of merchantability, plaintiffs must allege that (1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect. *See* 810 ILL. COMP.

STAT. 5/2–314; *see also* JAMES J. WRIGHT & ROBERT S. SUMMERS, UNIF. COMMERCIAL CODE 408 (3rd ed.1988). To be merchantable, the goods must be, among other things, fit for the ordinary purpose for which the goods are used. *See* 810 ILL. COMP. STAT. 5/2–314.

In their third amended complaint, plaintiffs allege that the Cell was not merchantable and not fit for its ordinary purpose. (Pls.Compl.¶¶ 62–63.) However, plaintiffs have failed to allege what the ordinary purpose of such a cell is.[6] While the Federal Rules of Civil Procedure allow for liberal notice pleading, conclusory allegations regarding the Cell's merchantability and fitness are not sufficient to state a claim for breach of implied warranty of merchantability absent some factual support. *See Strauss*, 760 F.2d at 768 (holding that bare legal conclusions will not suffice). Accordingly, the court grants defendants' motion to dismiss Count V of plaintiffs' third amended complaint. However, because it may be possible for plaintiffs to amend the complaint to cure this deficiency, the court grants plaintiffs leave to amend this claim.

### III. *CONCLUSION*

For the foregoing reasons, the court grants in part and denies in part defendants' motion to dismiss plaintiffs' third amended complaint. The motion is granted as to Counts I, II, IV and V of plaintiffs' third amended complaint. The motion is further granted as to all counts brought by IHCLP and Bar. The motion is denied as to all other claims.

Plaintiffs are given until September 13, 1999 to file a fourth amended complaint consistent with this order. The fourth amended complaint should only include additional allegations that will cure the defi-

---

5. Because plaintiffs have already filed four complaints in the present action, the court strongly suggests that plaintiffs review any amended complaint carefully so that it is accurate and without any scrivener's errors.

6. While plaintiffs have alleged what the Cell's particular purpose was—to straighten one to six inch steel rods, at a rate of 80 feet per minute, in a single pass—they have not identified what the alleged "ordinary" purpose for the Cell was.

ciencies identified by the court. Defendants are given until September 23, 1999 to answer or otherwise plead to plaintiffs' fourth amended complaint.