**INDUSTRIAL HARD CHROME, LTD., IHC Limited Partnership, and Bar Technologies, L.L.C., Plaintiffs,**

v.

**HETRAN, INC. and Global Technology, Inc., Defendants.**

**No. 99 C 1716.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 2, 1999.

---

**904**

Michael D. Wexler, Seyfarth, Shaw, Fairweather and Geraldson, Chicago, Illinois, for plaintiffs/petitioner.

Debra A. Winiarski, Jeffrey H. Bergman, Daniel C. Curth, D'Ancona & Pflaum, L.L.C., Chicago, Illinois, for defendants/respondent.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants' motion to dismiss plaintiffs' fourth amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants in part and denies in part defendants' motion.

### I. BACKGROUND

Plaintiffs Industrial Hard Chrome, Limited ("IHC"), IHC Limited Partnerships ("IHCLP") and Bar Technologies ("Bar") (collectively "plaintiffs") have filed a five-count complaint against defendants Hetran, Incorporated ("Hetran") and Global Technology, Incorporated ("Global") (collectively "defendants"). Count I is a claim for breach of the sale contract, alleging that an integrated series of machines (the "Cell") did not meet the specifications contained in the agreement. Count II is a claim for breach of implied warranty of fitness for a particular purpose, alleging that Hetran did not design or manufacture a Cell that was fit to operate at particular specifications. Count III is a claim for breach of express warranty, alleging that the Cell delivered breached the equipment warranty contained in the sale contract. Count IV is a breach of contract claim, alleging that Global breached a surety agreement insofar as it failed to correct Hetran's alleged default.[1] Count V is a claim for breach of implied warranty of merchantability, alleging that the Cell was not merchantable.

---

1. Both contracts state that Illinois law shall govern (Pls. 4th Am.Compl.Ex.1.) Thus, the court will apply Illinois law to all allegations.

For the sake of brevity, the court will not restate the facts. The facts may be found in *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F.Supp.2d 741 (N.D.Ill. 1999). Any additional facts, the court will discuss in further detail under the appropriate section.

In this motion, defendants argue that various counts of plaintiffs' fourth amended complaint be dismissed for failing to state a cause of action.[2] Defendants argue that (1) IHCLP and Bar should be dismissed from the complaint because they are not parties to or third-party beneficiaries of the sale contract or the surety agreement; (2) Counts I, III, and IV should be dismissed because plaintiffs did not fully perform their own obligations under the sale contract, which serves as the basis for those counts; and (3) Count II should be dismissed because plaintiffs cannot allege a particular purpose for the Cell as it is a custom-built machine.

## II. *DISCUSSION*

### A. *Standard for Deciding a Rule 12(b)(6) Motion to Dismiss*

In addressing defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiffs. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987); *Cromley v. Board of Educ. of Lockport*, 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiffs, the complaint fails to state a claim upon which relief can be granted, the court must dismiss it. *See* FED.R.CIV.P. 12(b)(6); *Gomez*, 811 F.2d at 1039. However, the court may only dismiss the claim if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *See Conley v. Gibson*, 355

U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

While the Federal Rules of Civil Procedure provide a liberal notice pleading standard, the complaint must include either direct or inferential allegations with respect to all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985).

### B. *IHCLP and Bar's Claims as Third–Party Beneficiaries*

IHC and Hetran entered into an agreement for the design, manufacture, and delivery of the Cell which would operate in accordance with certain specifications contained in the contract. In addition, IHC entered into a surety agreement with Global, whereby Global agreed to act as the guarantor of the sale contract between IHC and Hetran. While neither IHCLP nor Bar were parties to the contracts, plaintiffs allege that IHCLP and Bar have the right to sue as third-party beneficiaries of the contracts. Defendants contend that IHCLP and Bar are not third-party beneficiaries and, therefore, cannot bring this action against the defendants.

It is well-settled under Illinois law that a third party may sue for breach of contract if that contract was entered into for the direct benefit of that third party. *F.W. Hempel & Co., Inc. v. Metal World, Inc.*, 721 F.2d 610, 613 (7th Cir.1983) (citing the "seminal and still vital Illinois authority" *Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 178 N.E. 498, 501 (1931)). While the third party does not need to be specifically named in the contract, the contract must at least define a third party by description of class, and the particular class-member must be identified at the time performance is due. *Id.*

**2.** The court has already discussed many of the issues raised in defendants' current motion in a previous opinion addressing defendants' motion to dismiss plaintiffs' third amended complaint. *See Industrial Hard Chrome*, 64 F.Supp.2d 741. In an effort to avoid repetition, the court will refer to that earlier opinion whenever possible.

In deciding whether IHCLP and Bar should be dismissed from this action, the court will first address Counts I, II, III and V, which relate to the sale contract. Second, the court will address Count IV, which relates to the surety agreement.

### 1. *The sale contract*

█ Defendants allege that IHCLP and Bar should be dismissed from this action because they are not third-party beneficiaries to the sale contract. In an earlier opinion addressing this same issue, this court said that plaintiffs' third amended complaint sufficiently alleged the elements of a third-party beneficiary claim. *Industrial Hard Chrome,* 64 F.Supp.2d at 744–746. Those allegations from the third amended complaint are also incorporated into the present fourth amended complaint and will not be repeated again in the court's second opinion addressing this issue. (*See* Pls. 4th Am.Compl. ¶¶ 10–28.) However, in that same opinion, the court did recognize that plaintiffs had pleaded facts that were inconsistent with the allegations that IHCLP and Bar were third-party beneficiaries—namely that the contract identified General Electric Capital Corporation ("GECC") and Heller Financial Leasing, Inc. ("Heller") as assignees of IHC's ownership rights in and to the Cell, making it impossible for IHCLP and Bar to be the assignees of IHC's rights in the Cell. *Industrial Hard Chrome,* at 745–746. In their fourth amended complaint, plaintiffs go through the entire history of any assignments in right or title to the Cell. Defendants argue that these allegations are contradictory and that plaintiffs have pleaded themselves out of the complaint. The court disagrees.

While the factual history is somewhat confusing, the plaintiffs have alleged that certain assignments were made to IHCLP and Bar, vesting ownership and use rights which benefitted both IHCLP and Bar. (*See.* Pls. 4th Am.Compl. ¶¶ 15–28.) Second, as they did in their third amended complaint, plaintiffs have alleged that IHCLP and Bar were members of a class of beneficiaries and that their particular identity was known to defendants at the time performance was due. (*Id.* ¶¶ 11–13, 25, 28.) This is further evidenced by the allegations that (1) Hetran delivered the Cell to Bar (indicating that Hetran knew Bar would benefit from the contract prior to the time performance was due) and (2) IHCLP appears on the UCC Financing Statement as a secured party. (*Id.* ¶ 25, Ex. 1.) All these allegations, taken as true for purposes of this motion to dismiss, are sufficient to state a claim as third-party beneficiaries with respect to the sale contract. Accordingly, the court denies defendants' motion to dismiss IHCLP and Bar as plaintiffs to Counts I, II, III, and V of plaintiffs fourth amended complaint.

### 2. *The surety agreement*

Defendants also argue that IHCLP and Bar should be dismissed from this action because they are not third-party beneficiaries to the surety agreement. The court agrees in part and disagrees in part.

█ The same legal standard applies in determining whether IHCLP and Bar are third-party beneficiaries to the surety agreement as it did to the sale contract. (*See supra* Sec. II.B.1.) Further, the parties obviously contemplated allowing nominees of IHC to enforce the agreement: the terms of the surety agreement clearly state that the contract can be enforced by a nominee of IHC. (Pls. 4th Am.Compl.Ex. 1, Sub-ex.C.) In their complaint, plaintiffs clearly allege that both IHCLP and Bar are nominees of IHC. (*Id.* ¶¶ 15–28.) Generally, these allegations would be sufficient to establish that IHCLP and Bar have the right to enforce the agreement. However, the surety agreement specifically provides that Global will not be responsible to any nominee of IHC unless a nominee "provides written notice to Global." (*Id.* Ex. 1, Sub-ex. C.) The court must accept these terms of the contract in deciding whether IHCLP and Bar are proper parties to Count IV. *See LaSalle Nat'l Trust, N.A. v. ECM Motor Co.,* 76 F.3d 140, 144 (7th Cir.1996) (holding that the court is to in-

terpret the contract in a way that gives effect to all terms of the contract in their ordinary meaning).

Bar is a proper party to Count IV because the complaint sufficiently alleges that Bar was and is a third-party beneficiary of the sale contract and a nominee of IHC. (*See* Pls. 4th Am.Compl. ¶¶ 22–26.) Further, the complaint alleges that Bar provided written notice to Global of Hetran's alleged failure. (*Id.* ¶ 66.) Thus, Bar can bring this action against Global. Accordingly, the court denies defendants' motion to dismiss Bar from Count IV of plaintiffs' fourth amended complaint.

IHCLP, on the other hand, is not a proper plaintiff to Count IV. While plaintiffs' fourth amended complaint sufficiently alleges that IHCLP is a third-party beneficiary and a nominee of IHC, there is no allegation that IHCLP ever provided written notice to Global of any alleged failure by Hetran. Pursuant to the terms of the surety agreement, IHCLP cannot enforce this agreement against Global unless it provided written notice to Global. Because plaintiffs failed to allege that IHCLP complied with the terms of the surety agreement, the court cannot allow IHCLP to pursue this cause of action against Global. IHCLP, therefore, is dismissed as a plaintiff to Count IV. Accordingly, the court grants defendants' motion to dismiss IHCLP from Count IV of plaintiffs' fourth amended complaint.

### C. *Plaintiffs' Contractual Obligations with Respect to Counts I, III, and IV*

■ Count I is a claim for breach of the sale contract; Count III is a claim for breach of the express warranty contained within the sale contract; and Count IV is a claim for breach of the surety agreement between IHC and Global. Defendants argue that Counts I, III, and IV should be dismissed because plaintiffs have not fully

performed on the sale contract. The court disagrees.

First, in an earlier opinion addressing defendants' motion to dismiss plaintiffs' third amended complaint, the court found that plaintiffs' had sufficiently alleged the elements of a breach of contract action. *Industrial Hard Chrome*, at 745–746. However, the court decided that certain allegations in plaintiffs' third amended complaint contradicted their allegation of full performance because the amount that plaintiffs alleged they paid was less than the amount plaintiffs alleged was owed to Hetran under the sale contract.[3] *Id.* Plaintiffs were given leave to explain this deficiency. In their fourth amended complaint, plaintiffs allege that they paid Hetran all the money due under the contract. (Pls. 4th Am.Compl. ¶ 37.) Further, plaintiffs allege that the remaining balance is not due under the express terms of the contract. (*Id.* ¶ 42.) The court agrees.

The terms of the contract clearly state that the final payment is not due until the Cell is "fully operational at IHC." (*Id.* Ex. 1.) Plaintiffs argue—and repeatedly allege throughout their fourth amended complaint—that the final payment is not due because the Cell is not fully operational. These allegations must be taken as true for the purposes of this motion to dismiss. Thus, plaintiffs do not owe Hetran the final payment and plaintiffs have performed all of their contractual obligations at this time. Because plaintiffs have fully performed their contractual obligations, Counts I, III, and IV have been properly pleaded. Accordingly, the court denies defendants' motion to dismiss Counts I, III, and IV.

### D. *Plaintiffs' Allegations of the Cell's Particular Purpose with Respect to Count II*

■ Count II is a claim for breach of the implied warranty of use for a particu-

---

**3.** In their fourth amended complaint, the plaintiffs allege that $5,375,675.28 is the contract price of the Cell. (Pls. 4th Am. Compl.¶ 37.) Plaintiffs further allege that they paid Hetran $5,080,743.67. (*Id.* ¶ 42.)

These were the same figures alleged in plaintiffs' third amended complaint. Thus, it appears that there is a remaining balance of approximately $297,775.00. (*Id.* ¶ 42(b).)

lar purpose. Defendants argue that this count should be dismissed because plaintiffs have failed to allege a particular purpose for the Cell. The court disagrees.

In an earlier opinion addressing this very issue in defendants' motion to dismiss plaintiffs' third amended complaint, the court rejected defendants' argument that plaintiffs failed to allege any particular purpose for the Cell. *Industrial Hard Chrome*, at 746–747.[4] In their present motion, defendants again argue that plaintiffs cannot allege a particular purpose because the Cell was specifically designed for IHC. Plaintiffs, on the contrary, clearly allege that the Cell has a particular purpose— that the Cell process steel rods "with a single pass through the Cell, that the Cell could consistently operate at speeds of 80 feet per minute, that steel rods ranging in diameter from 1″ to 6″ could be processed through the Cell." (Pls. 4th Am. Compl.¶ 48.) While defendants argue that this is the Cell's ordinary purpose, plaintiffs argue that these specifications change the use of the Cell from its ordinary use of processing to a particular use of processing rods to the contract specifications. The court must take plaintiffs' allegations as true.[5] Thus, plaintiffs have sufficiently alleged a claim for breach of implied warranty of fitness for a particular purpose. Accordingly, the court denies defendants' motion to dismiss Count II of plaintiffs' fourth amended complaint.

### III. *CONCLUSION*

For the foregoing reasons, the court grants in part and denies in part defendants' motion to dismiss plaintiffs' fourth amended complaint. The motion is granted as to IHCLP's claim against Global in

Count IV. The motion is denied as to all other claims.

---

**4.** While defendants argued that plaintiffs failed to allege any particular purpose for the Cell, plaintiffs clearly alleged in paragraph 40 of the third amended complaint that the Cell did have a particular purpose—to straighten steel rods that were one to six inches in diameter at a rate of eighty feet per minute. The court took that allegation as true for purposes of defendants' motion to dismiss.

**5.** Whether this is an ordinary Cell made for a particular purpose, or a custom-built Cell as alleged by defendants, is a question of fact which the court will not decide, especially in a motion to dismiss.