MEMORANDUM OPINION AND ORDER
 

 ALESIA, District Judge.
 

 Before the court is plaintiffs/eounter-de-fendants’ motion' to dismiss defendant/counter-plaintiffs counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants in part and denies in part plaintiffs/counter-defendants’ motion.
 

 I.
 
 BACKGROUND
 

 Defendant/counter-plaintiff Hetran, Incorporated (“Hetran”) has filed a six count counterclaim against plaintiffs/counter-defendants Industrial Hard Chrome, Limited (“IHC”), and Bar Technologies (“Bar”) (collectively “counter-defendants”). Count 1 is a claim for breach of contract against IHC, alleging that IHC failed to pay He-tran the amount due under a contract for the sale of an integrated series of machines (the “Cell”).
 
 [1]
 
 Count II is a claim against IHC for breach of fiduciary duties, alleging that IHC breached its duty when it refused to pay for the Cell. Count III is a claim against IHC and Bar for breach of contract, alleging that Hetran loaned IHC and Bar spare parts for the Cell which have not been paid for or returned. Count IV is a conversion claim against IHC and Bar, alleging that IHC and Bar are in wrongful possession of the Cell because they have not tendered payment for the Cell. Count V is a claim against IHC for breach of contract, alleging that IHC has failed to pay an affiliate of Hetran which provided processing services to IHC. Count VI is a claim against IHC and Bar for unjust enrichment, alleging that IHC and Bar received a benefit from Hetran— namely, that Hetran kept employees on-site at the Cell for training and supervision — without reimbursing or paying He-tran.
 

 Because the court has already issued two opinions in this case, and for the sake of brevity, the court will not restate the underlying facts of this case. The facts may be found in
 
 Industrial Hard Chrome, Ltd. v. Hetran, Inc.,
 
 64 F.Supp.2d 741 (N.D.Ill.1999) and
 
 Industrial Hard Chrome, Ltd. v. Hetran, Inc.,
 
 76 F.Supp.2d 903 (N.D.Ill.1999). Any additional facts, the court will discuss in further detail under the appropriate section.
 

 In this motion, counter-defendants argue that Counts II, IV, and VI of Hetran’s counterclaim should be dismissed for failing to state a cause of action. Counter-defendants argue that (1) Count II should
 
 *954
 
 be dismissed because no fiduciary relationship existed between IHC and Hetran; (2) Count IV should be dismissed because IHC and Bar have a right to possess the Cell; and (3) Count VI should be dismissed because the parties’ relationship is governed by contract.
 

 II.
 
 DISCUSSION
 

 A.
 
 Standard for Deciding a Rule 12(b)(6) Motion to Dismiss
 

 A motion to dismiss examines the sufficiency of the complaint or counterclaim, not the merits of that claim.
 
 Triad Assocs., Inc. v. Chicago Housing Authority,
 
 892 F.2d 583, 586 (7th Cir.1989). In addressing counter-defendants’ motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the counterclaim as true and draw all reasonable inferences in favor of counter-plaintiff.
 
 Gomez v. Illinois State Bd. of Educ.,
 
 811 F.2d 1030, 1039 (7th Cir.1987);
 
 Cromley v. Board of Educ. of Lockport,
 
 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the counter-plaintiff, the counterclaim fails to state a claim upon which relief can be granted, the court must dismiss it.
 
 See
 
 Fed.R.Civ.P. 12(b)(6);
 
 Gomez,
 
 811 F.2d at 1039. However, the court may only dismiss the claim if it appears beyond doubt that the counter-plaintiff can prove no set of facts in support of its claim that would entitle them to relief.
 
 See Conley v. Gibson,
 
 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
 

 While the Federal Rules of Civil Procedure provide a liberal notice pleading standard, the complaint must include either direct or inferential allegations with respect to all material elements of the claims asserted.
 
 Perkins v. Silverstein,
 
 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice.
 
 Strauss v. City of Chicago,
 
 760 F.2d 765, 768 (7th Cir.1985).
 

 B.
 
 Count II
 
 — Breach
 
 of Fiduciary Duties Against IHC
 

 Count II is a claim against IHC for breach of fiduciary duties owed to Hetran. Hetran claims that IHC breached its fiduciary duties to Hetran when it refused to pay Hetran the outstanding amount owed on the Cell and the amount owed on parts and service for the Cell. Counter-defendants argue that this count should be dismissed because (1) Hetran inadequately alleges the joint venture which is the basis for the fiduciary relationship, and (2) there was no joint venture between IHC and Hetran.
 

 IHC and Hetran entered into an agreement for the design, manufacture, and delivery of the Cell. In addition, this agreement provided incentive to IHC and Hetran by way of a “joint venture.” According to terms of the agreement, He-tran would refer any processing business it learned of in the Chicago-land area to IHC and IHC, in return, would allow He-tran to show the Cell to customers interested in purchasing a similar Cell. Hetran now alleges that this mutual agreement established a joint venture, which gives rise to the fiduciary relationship.
 

 In order to state a claim for breach of fiduciary duty, Hetran must allege (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) resulting damages.
 
 Seyfarth, Shaw Fairweather & Geraldson v. Wintz,
 
 No. 99 C 1536, 1999 WL 1129609, at *8 (N.D.Ill.Dec.6, 1999);
 
 see also Young v. Colgate-Palmolive Co.,
 
 790 F.2d 567, 570 (7th Cir.1986) (holding that a breach of fiduciary duty claim is sufficient if it alleges a fiduciary relationship and its breach). In its counterclaim, Hetran alleges that (1) Hetran and IHC entered into a joint ventureship; (2) as joint venturers, IHC and Hetran owed a fiduciary duty to one another;
 
 [2]
 
 (3) IHC
 
 *955
 
 breached that duty by failing to pay He-tran for the Cell and by refusing to pay for additional services and materials which Hetran provided; and (4) Hetran was damaged by the breach. (Counter-Pl.Counterclaim, H1123-29.) Thus, Hetran has alleged all the elements of a claim for breach of fiduciary duty, which ordinarily, would be enough to state a claim. However, Hetran has based this fiduciary duty on the existence of a joint venture. Counter-defendants argue that Hetran has failed to allege that a joint ventureship existed and, in fact, there was no joint venture between IHC and Hetran.
 

 A joint venture is an association of two or more parties to carry on a single enterprise for profit.
 
 Fomusa v. Permian Petroleum Co.,
 
 No. 96 C 50410, 1997 WL 792983, at *1 (N.D.Ill.Dec.16, 1997). To sufficiently allege the existence of a joint venture under Illinois law, the counterclaim must allege the following elements: (1) an agreement to carry on a single enterprise; (2) a common interest in the enterprise; (3) expectation of profits; (4) duty to share profits and losses; and (5) the right of each member to govern the conduct of the other members.
 
 Id.; Gruca v. Alpha Therapeutic Corp.,
 
 19 F.Supp.2d 862, 872 (N.D.Ill.1998). Some courts have found that the most important element of a joint venture is that the joint venturers have agreed to share in both profits and losses.
 
 See Donohoe v. Consol. Operating & Prod. Corp.,
 
 982 F.2d 1130, 1139 (7th Cir.1992);
 
 Barnett v. Poag & McEwen Lifestyle Centers-Deer Park Town Center, LLC,
 
 No. 98 C 7783, 1999 WL 691850, at *6 (N.D.Ill. Aug.26, 1999). Further, while the court may infer from the facts and circumstances that the parties did enter into a joint venture,
 
 see Glass v. Kemper Corp.,
 
 949 F.Supp. 1341, 1345 (N.D.Ill.1997), the claimant must state enough for the court to at least be able to infer each of the elements from the facts and conclusions alleged.
 
 See Barnett,
 
 1999 WL 691850, at *3. The court is not simply required to accept the legal conclusions alleged in the counterclaim.
 
 Pearson v. Hafnia Holdings, Inc.,
 
 No. 90 C 991, 1991 WL 18421, at *5 (N.D.Ill. Feb.7,1991) (holding that, because plaintiff failed to allege the elements of a joint venture, plaintiff did not properly allege a breach of fiduciary duty).
 

 Hetran argues that a joint venture-ship between IHC and Hetran did exist. In support of this claim, Hetran alleges that Hetran and IHC entered into an joint venture agreement whereby (1) Hetran would agree to build a processing line for IHC and, in return, IHC would assist Hetran in its marketing of other Cells; (2) Hetran would recommend and direct processing business in the Illinois area to IHC; and (3) IHC would buy, and Hetran would sell, additional materials and services related to the Cell. (Gounter-Pl. Counterclaim ¶¶ 8, 13, 23-29.) Further, Hetran alleges that the parties intended to enter into a joint ventureship, as evidenced by a letter written by IHC which refers to the relationship between the parties as a joint venture.
 
 (Id.
 
 ¶ 10;
 
 see also
 
 CounterPLResp. to Counter-Defs.Mot. to Dismiss, Ex. A.) The court disagrees with Hetran.
 

 First, there is no allegation that IHC and Hetran were involved in a single enterprise. On the contrary, according to the terms of the contract (which allegedly set up the joint venture), Hetran was to refer processing business to IHC and, in return, IHC would allow Hetran to show the Cell to potential purchasers of a similar Cell. Further, while the letter from IHC uses the term “joint venture,” it does not appear to use it in the legal sense. In fact, the letter refers to the relationship between IHC and Hetran as “a unique custometyVendor joint venture to grow the IHC, Ltd. processing business and also to grow the Hetran capital equipment business in the midwest.”
 
 (Id.)
 
 This letter actually cuts against the existence of a joint venture: it clearly describes two different businesses — not a “single enterprise” that is required of a joint venture.
 

 
 *956
 
 Second, and more importantly, Hetran has not alleged that there was any duty to share profits or losses. On the contrary, the agreement was simply to refer business in the other’s direction. Illinois law has differentiated between shared economic benefits and the necessary “shared-profits” element of a joint venture.
 
 See Barnett,
 
 1999 WL 691850, at *7 (citing
 
 Palin Mfg. Co. v. Water Tech., Inc.,
 
 103 Ill. App.3d 926, 59 Ill.Dec. 553, 431 N.E.2d 1310, 1314 (1982)). Based on the facts and circumstances of the agreement, it cannot be inferred that there was any sort of profit or loss sharing. While the arrangement may have benefitted both IHC and Hetran, whether either would actually profit from the other’s referral was a risk that IHC and Hetran assumed individually. Thus, Hetran has failed to sufficiently allege that a joint venture existed and has failed, therefore, to properly allege a breach of fiduciary duties.
 
 See Pearson,
 
 1991 WL 18421, at *5. Accordingly, the court grants counter-defendants’ motion to dismiss Count II of Hetran’s counterclaim.
 

 C.
 
 Count IV
 
 — Conversion
 
 Claim Against IHC and Bar
 

 Count IV is a claim for conversion against IHC and Bar. Hetran claims that IHC and Bar are in wrongful possession of the Cell because IHC has not tendered the full amount due under the sale contract. Counter-defendants argue that this count should be dismissed because (1) Hetran inadequately alleges the elements of a conversion claim, and (2) Hetran is not entitled to possession of the Cell.
 

 In order to state a claim for conversion under Illinois law, Hetran must allege that (1) it has an unconditional right to possession of the Cell; (2) it made a demand for the Cell’s return; and (3) IHC and Bar wrongfully assumed control, dominion, or ownership over the Cell.
 
 Williams v. Thomas Pontiac-GMC-Nissan-Hyundai,
 
 No. 99 C 882, 1999 WL 787488, at *5 (N.D.Ill. Sept.24, 1999);
 
 Cirrincione v. Johnson,
 
 184 Ill.2d 109, 234 Ill.Dec. 455, 703 N.E.2d 67, 70 (1998). In its counterclaim, Hetran alleges that (1) IHC failed to pay Hetran the amount due under the contract; (2) IHC has no right to possess the Cell because it did not tender full payment to Hetran; (3) IHC and Bar have refused to pay for replacement parts provided by Hetran; (4) Hetran has demanded that IHC pay for the Cell and that IHC and Bar pay for the replacement parts but they have refused; and (5) IHC and Bar have deprived Hetran of its rights in the Cell and the replacement parts. (Counter-PL Counter¶¶ 37-42.)
 

 In their motion to dismiss, counter-defendants argue that Hetran has failed to allege the first and third elements of a claim for conversion. First, counter-defendants argue that Hetran alleges that title in the Cell vests with IHC proportionately to the total amount of payments made by IHC, which negates the claim for conversion. Second, counter-defendants contend that Hetran has failed to allege that it demanded the return of the machine. The court agrees with counter-defendants.
 

 In paragraph 12 of its counterclaim, He-tran alleges that the contract provided that ownership of the Cell would “vest in IHC proportionately to the total amount of installment payments made by IHC.” (Counter-Pi. Counterclaim 1112 (citing Pis. Fourth Am.Compl., Ex. 1).) In their answer to plaintiffs’ fourth amended complaint, Hetran and the other defendants admit that IHC has paid some amount for the Cell. (Defs.Ans. to Pis. Fourth Am. Compl. U 42.) Further, in its own counterclaim, Hetran admits that the outstanding sum due is approximately $294,931 of the $5,953,756 purchase price. (Counter-Pi. Counterclaim HH 11, 38.) Thus, it appears from the counterclaim that IHC and Bar have a right to possession, control, or ownership over a large percentage of the Cell. While Hetran may have alleged that IHC and Bar are in wrongful possession of the Cell, the facts alleged in the counterclaim
 
 *957
 
 contradict that factor. Accordingly, the court grants counter-defendants motion to dismiss Count IV of Hetran’s counterclaim.
 

 D.
 
 Count VI
 
 — Unjust
 
 Enrichment Claim Against IHC and Bar
 

 Count VI is a claim for unjust enrichment. Hetran claims that IHC and Bar have been unjustly enriched because Hetran provided parts and labor, in excess of the contractual terms, and that IHC and Bar have refused to pay for those services. Counter-defendants argue that this count should be dismissed because the parties’ relationship is governed by a contract.
 

 As part of the contract for the sale of the Cell, Hetran agreed to provide a serviceman and an operator at IHC’s facilities for fifty weeks following the start of operations. (Pls.4th Am.Compl., Ex. 1 119(d).) Further, Hetran agreed to provide training personnel for a period of four weeks.
 
 (Id.
 
 H 9(e).) According to the counterclaim, Hetran fulfilled its contractual obligations and stationed servicemen, operators, and trainers at the Cell facilities. However, following the contract-allotted 54 weeks, IHC and Bar required more assistance. Hetran alleges that it provided this additional on-site training and service for numerous weeks after the contract time expired, which directly benefitted IHC and Bar. Hetran further alleges that this extended service had a value of approximately $3,000 per week, which counter-defendants have refused to pay.
 

 In order to state a claim for unjust enrichment, Hetran must allege that counter-defendants voluntarily accepted a benefit which would be inequitable for them to retain without compensating Hetran.
 
 Skinner v. Shirley of Hollywood,
 
 723 F.Supp. 50, 55-56 (N.D.Ill.1989). In its counterclaim, Hetran alleges that (1) counter-defendants requested that Hetran provide extended training and service; (2) counter-defendants directly benefitted from this service; and (3) counter-defendants refuse to pay the fair market value for the services Hetran provided. (Counter-Pi. Counterclaim 111150-61.) Thus, they have sufficiently alleged a claim for unjust enrichment. Counter-defendants, however, argue that because a contractual relationship exists between the parties, Hetran is barred from alleging a claim for unjust enrichment. The court disagrees.
 

 In their motion to dismiss, counter-defendants contend that the contract governs the terms of the labor and service which Hetran was to provide to IHC and Bar. Because this relationship is governed by the sale contract, Hetran is barred from claiming unjust enrichment. In support of this argument, counter-defendants cite to
 
 Allied Vision Group, Inc. v. RLI Prof'l Tech., Inc.,
 
 916 F.Supp. 778 (N.D.Ill.1996) for the proposition that when a written contract places a time limit on the alleged services, a party cannot “unilaterally alter the terms of the contract by now claiming unjust enrichment.” (Counter-Defs. Reply Br. at 7 (citing
 
 Allied,
 
 916 F.Supp. at 781-82).) In
 
 Allied,
 
 the plaintiffs — seeking a referral fee from the defendants — were ultimately trying to
 
 extend
 
 the contract’s time limitations by claiming unjust enrichment. The
 
 Allied
 
 court refused to alter the terms of the contract, instead holding that, because the contract set up a specific time limit, plaintiffs were bound by those terms.
 
 Allied,
 
 916 F.Supp. at 781-82. In the present case, the contract placed a specific limit on the time when Hetran was obligated to provide on-site training and service. Hetran fulfilled the terms of the contract and provided that service for 54 weeks, after which time the contract expired. Thus, although a contract governed the relationship between Hetran and the counter-defendants, that contract had expired. The current claim for unjust enrichment is based upon the weeks follo;wing the expiration of the contract when Hetran provided the counter-defendants with on-site training and service. Hetran alleges that the counter-defendants benefitted from the service Hetran provided for numerous
 
 *958
 
 weeks following the expiration of the contract and that the counter-defendants have refused to pay for that service. This is enough, for purposes of a motion to dismiss, to state a claim for unjust enrichment. Accordingly, counter-defendants’ motion to dismiss Count VI of Hetranls counterclaim is denied.
 

 III.
 
 CONCLUSION
 

 For the foregoing reasons, the court grants in part and denies in part counter-defendants’ motion to dismiss counter-plaintiff Hetran’s counterclaim. The motion is granted as to Count II and IV. The motion is denied as to Count VI.
 

 [1]
 

 . The contract states that Illinois law shall govern. (Pls.4th Am.Compl., Ex. 1.) Further, both parties cite to Illinois cases in their briefs. Thus, the court will apply Illinois law to all allegations.
 

 [2]
 

 . Under Illinois law, "a fiduciary relationship does exist between partners in a joint venture."
 
 Target Market Publishing, Inc. v. ADVO, Inc.,
 
 136 F.3d 1139, 1146 (7th Cir. 1998).